No. 27,799.

CAROL HOFFMAN BAUMAN et al., *Appellees*, v. LOUIS HOFFMAN et al., *Appellants*.

No. 27,875.

LOUIS HOFFMAN, Individually and as Executor of the Estate of Phillip Hoffman, Deceased, *Appellant*, v. THE ESTATE OF ANDREW HOFFMAN, Deceased, *Appellee*.

(262 Pac. 545.)

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Review—Findings Based on Conflicting Evidence.* The rule in the case of *Meador v. Manlove,* 97 Kan. 706, 156 Pac. 731, followed in the matter of the petitions of defendants for new trial to the effect that the findings of fact of the trial court, when based upon sufficient though disputed or conflicting testimony, will not be disturbed on appeal.

2. SAME—*Generally.* In the consolidated case of the claims against the estate of Andrew Hoffman no reversible error is found.

Appeal from Barton district court; RAY H. BEALS, judge. Opinion filed January 7, 1928. Affirmed.

*Charles L. Carroll* and *D. A. Banta,* both of Great Bend, for the appellants.
*R. C. Russell, Elrick C. Cole, William Osmond* and *T. B. Kelley,* all of Great Bend, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: Louis Hoffman, for himself and as executor for his brother, Phillip Hoffman, deceased, appeals from the judgment of the district court in two separate cases, the first involving the construction of the will of another brother, Andrew Hoffman, deceased, and the other a consolidated case involving the claims of Louis Hoffman for himself for $9,000 against the estate of Andrew Hoffman and for him as executor of the estate of Phillip Hoffman for a like amount. These two claims were originally filed in the probate court and were disallowed there. Appeals were taken to the district court, and, after hearing and similar decision there, were appealed to this court. They involve the question of partnership and unsettled differences in that connection. The decision of both courts as to both claims was against the claimants. The case involving the construction of a will was one where Andrew Hoffman

Appeal and Error, 4 C. J. pp. 663 n. 92, 876 n. 78, 878 n. 81, 883 n. 33; 2 R. C. L. 194.

made his two brothers residuary legatees in his will and later married, leaving at the time of his death a wife and child surviving him. The will was executed April 21, 1910, when he was a single man, naming his brothers, Louis and Phillip, as residuary legatees, and Louis as executor. On June 19, 1917, he married the plaintiff, Carol Hoffman, and on December 28, 1918, Norman Hoffman, a son, was born to them. Andrew Hoffman died May 19, 1923. His will was regularly probated and Louis was appointed executor. He regularly filed an inventory listing the real and personal property of the deceased, and listed the personal property in which the deceased was joint owner with himself and his brother Phillip. On October 13, 1923, Carol Hoffman, the widow, and Norman Hoffman, the son, by his next friend, his mother, filed a petition in the district court of Barton county asking the court to construe the will, setting up a copy of the will made long before his marriage and the birth of the child, also a description of all the land owned by him at the time of his death, praying that all adverse claims be quieted and that the land be partitioned between them. Louis and Phillip were parties defendant. They entered their appearance and took time to plead, but did not file answers. Judgment was rendered March 8, 1924, in favor of plaintiffs, the land was accordingly partitioned between plaintiffs, and sheriff's deed was issued to them for separate portions equal to one-half for each.

Phillip Hoffman died in the latter part of the year 1924 and Louis was appointed executor of his estate. Sometime prior to December 30, 1924 (the date not given), Louis filed for himself and for the estate of Phillip petitions for new trial in the action to construe the will of Andrew, and on December 30, 1924, he was given leave of court to withdraw them from the files. He refiled the same or similar petitions on March 6, 1926, alleging partnership between the three Hoffman brothers and a joint ownership of all the land that stood in the name of Andrew at the time of his death, and further alleging fraud practiced by the successful parties in obtaining the judgment or order on March 8, 1924, in that promises were made that division of the land and an accounting would be made after the will was construed, which induced and influenced appellants to wait for such settlement out of court instead of asserting their rights in the case to construe the will and partition the property. Issues were joined on the questions of fraud in obtaining the judgment of March 8, 1924, and on the question of partnership in the land. After hear-

ing all the evidence and at the close of the trial the court found "that the evidence adduced fails to support any of the allegations in the said petitions" and rendered judgment against the petitioners and in favor of the plaintiffs, from which judgment, after the overruling of a motion for a new trial, the petitioners appeal.

This case rests almost entirely upon questions of fact as to fraud and partnership. There are two preliminary questions as to statutes of limitations. Appellees insist that this action by petitioners is maintained under R. S. 60-3005, which limits the time of filling such petitions to one year after date of judgment. But we can see no good reason why appellants could not avail themselves of the benefit of R. S. 60-3007 and R. S. 60-3008, which give two years when brought under the fourth subdivision of the former section.

Again, it is suggested that the refiling of the petitions was more than one year after the withdrawing of the petitions filed earlier, and contrary to the limitation of R. S. 60-311. It was more than one year after the withdrawing of the earlier petitions, but there are other complications here involved as to the application of this section to petitions for new trials where judgments have already been rendered, and it is not necessary to make this point a decisive feature of the whole case.

Appellants insist that they made a strong showing of fraud wherein plaintiffs induced the defendants to default instead of making their defense. There is some evidence to that effect the same as there is some to show there existed a partnership between the three brothers, but there was a conflict as to both lines of evidence, and many of the witnesses qualified their statements as to partnership by saying it was as to a partnership in farm machinery, farm work and crops. The usual order of making proof under such petitions is first to establish the fraud, and then when that is established to the satisfaction of the court, proceed with the proof on the real issue—in this case, partnership—for unless there was fraud the petitioners would not at this late date have a right to establish and show a partnership. On the other hand, it would avail the petitioners nothing if they did prove fraud unless they established a partnership. In this case both lines were tried together and, as quoted above, the court found the evidence failed to support any of the allegations of the petitions. It is necessary for the petitioners

to prove both fraud and partnership before they can prevail. We think these findings are fully supported by the evidence.

"Rule followed that the trial court's. findings of fact, when based upon sufficient though disputed or conflicting testimony, will not be disturbed on appeal." (*Meador v. Manlove,* 97 Kan. 706, syl. ¶ 6, 156 Pac. 731.)

We have purposely omitted any reference to one question raised by appellees, namely, that of *res adjudicata,* contained in the answer in this case and also in the findings of the other case. Both cases were in progress of trial at the same time, and, strictly speaking, it was more nearly like another action pending than *res adjudicata,* when appeals have been taken in both cases. The files in this court show appeals in both cases, although the abstracts do not show a perfected appeal in the second case. This second case was filed in the probate court May 2, 1925, as two claims against the estate for $9,000 each, based on partnership accounts, as stated above. Judgment was rendered in the probate court against the claimants October 15, 1925. The cases were appealed to the district court and were there decided the same way March 2, 1926. It will be observed that the petitions in the original case were refiled four days after the adverse decision in the district court on the claims, so that the case of the claims was tried in the probate court and district court between the withdrawal of the petitions and the refiling of them in the original case, and this confuses the application of the doctrine of *res adjudicata* when both cases are appealed. But the court found in this second case not only that the matter had been adjudicated, but also that there was no partnership relation existing between these brothers other than that shown by the inventory.

"Rule followed that a trial court's reasons for a judgment are immaterial when the judgment itself is correct." (*Quinton v. Kendall,* 122 Kan. 814, syl. ¶ 11, 253 Pac. 600.)

We find no error in this finding and judgment. The judgments in both cases are affirmed.