No. 27,827.

GEORGE GARTNER, *Appellant*, v. THE WILLIAMS OIL AND GAS COMPANY, *Appellee.*

(263 Pac. 778.)

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Review—Conflicting Evidence Conclusive on Appeal.* Rule followed that the special findings and verdict of a jury consistent with each other which are based on conflicting evidence and have received the approval of the trial court, are conclusive in this court although the greater number of witnesses may have testified in support of the theory of the losing party.

2. TRIAL—*View and Inspection—Discretion of Court.* A court may order a view by the jury of the property in litigation whenever in its opinion it is proper; and whether it is proper in a particular case is within the discretion of the court.

3. APPEAL AND ERROR—*Review of Refused Instruction—Sufficiency of Record.* An objection that a requested instruction was not given cannot be reviewed where the record fails to show the instructions that were given or that the one requested was not given.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed February 11, 1928. Affirmed.

*A. L. Billings,* of Independence, for the appellant.

*Thomas E. Wagstaff* and *Jay W. Scovel,* both of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by George Gartner to recover damages from the Williams Oil and Gas Company for allowing oil, salt and mineral waters and other deleterious liquids to escape from operated oil wells into the pasture of plaintiff, which adjoined the oil lease and which it was alleged polluted the springs and pools of water in the pasture, with the result that it impaired

---

Appeal and Error, 4 C. J. pp. 543 n. 47, 546 n. 75, 866 n. 51. Trial, 38 Cyc. p. 1315 n. 9.

the digestion of plaintiff's live stock in the pasture, causing them to become ill and some of them to die, making it necessary for plaintiff to cease the use of his pasture. Plaintiff further asked that the defendant be enjoined from continuing the alleged nuisance. The defendant in its answer denied that it had polluted the water in plaintiff's pasture, and alleged that the removal of the stock from the pasture was not on account of the pollution of the waters therein, but was for the reason that the pasture did not afford sufficient water and grass for the stock at a certain season. A jury was impaneled to try the case, and upon application of defendant it was permitted to visit and inspect the premises. Special findings were returned by the jury with the general verdict in favor of defendant. The findings returned are as follows:

"1. Between March 31, 1926 [1925], and April 24, 1926, was plaintiff's farm of about 530 acres suitable for use by him as stock farm, including raising sheep, in all respects except the matter of stock water? A. Yes.

"2. During the same time stated in question 1 was the stock water in the ravines, streams and watercourses on said farm portion north of the public highway fit and suitable for stock water in his business of stock raising? A. Yes.

"3. During the said time named in question 1, did oil and salt water escape from defendant's wells and slush ponds into streams and watercourses, and ravines on the portion of his farm north of said highway? A. No.

"4. Was defendant negligent in permitting oil and salt water to escape from its said wells and slush ponds into said streams, ravines and watercourses during the time named in question 1? A. No.

"5. Did defendant know during the time named in question 1 that oil and salt water were escaping from its said wells and slush ponds into streams, ravines and watercourses on plaintiff's said land north of said highway, and making plaintiff's stock water unsuitable for stock purposes? A. No.

"6. Could plaintiff by fencing against said escaping oil and salt water have protected his said stock water in suitable condition for stock purposes on the portion of his farm north of said highway? A. Yes; if it had been necessary.

"7. Did defendant at any time take proper steps to prevent the escape of oil and salt water from its said wells and slush ponds into the streams, ravines and watercourses on the portion of plaintiff's land north of said highway? A. Yes.

"8. Did defendant at any time named in question 1 object to plaintiff's stock being on the lands used by defendant in its oil and gas operation north of said highway? A. No.

"Refused. 9. How much diminution in the usable rental value of plaintiff's lands north of said highway per acre do you find for the period from March 31, 1925, to April 24, 1926? A. ———.

"Refused. 10. How much diminution in the usuable rental value of plaintiff's lands south of said highway per acre do you find for the period from March 31, 1925, to April 24, 1926? A. ———."

In plaintiff's appeal the principal contention is that the special findings are not supported by the evidence and should have been set aside by the trial court. On the question whether the defendant allowed oil and salt waters to escape from the oil plant and upon the adjoining land of plaintiff which polluted the springs, ponds and watercourses thereon, much testimony was offered. It is clear from a reading of the testimony that it is conflicting on the proposition, and the plaintiff is really asking this court to reconsider the evidence, determine the credibility of the witnesses and the force and weight of their evidence. That was the function of the jury. Plaintiff arrays the witnesses who testified on the question and shows that eleven of them testified in behalf of the plaintiff and only six testified in favor of the defendant. The result was not determinable by the preponderance of witnesses, but was to be determined by the evidence deemed by the jury to be most credible of all that was produced. It was not a question of mathematics but was rather one of the intelligence and credibility of the witnesses, depending mainly upon their veracity, accuracy of memory, opportunity to observe, reasonableness of their statements, lack of bias and sincerity of purpose. The evidence of a single witness may be sufficient to overcome that of a dozen others and warrant the finding or verdict of a jury. If his evidence is substantial and fairly covers and supports the issue, and the finding and verdict based thereon is approved by the trial court, it is conclusive in this court. The result depended upon whether the jury in the trial court gave credit to the witnesses of plaintiff or to those of defendant. Authorities are hardly necessary to sustain the rule as it has been said that:

"The rule consistently followed in this court for more than a half century is that this court on appeal cannot weigh conflicting evidence nor pass upon the credibility of witnesses. That is the function of the jury who are in a better attitude than this court to determine these questions. We cannot set aside the finding of a jury based on conflicting testimony because of the greater number of witnesses who gave adverse testimony nor because the evidence in record form may seem to us to preponderate against the finding." (*Dunn v. Madden,* 109 Kan. 94, 95, 197 Pac. 1116.)

Complaint is made that the jury were ordered and allowed to view and inspect the premises in question, and that it was done over the objection of plaintiff. The code provides that the court may, whenever it deems a view to be proper, order an inspection of the property which is the subject of litigation. (R. S. 60-2910.) The consent of

the parties that such an order may be made is not necessary to the view. It has been held the view provided by statute is a matter within the discretion of the trial court. (*K. C. Rly. Co. v. Allen*, 22 Kan. 285; *Coughlen v. C. I. & K. Rly. Co.*, 36 Kan. 422, 13 Pac. 813; *State v. Henson*, 105 Kan. 581, 185 Pac. 1059.) There is no ground for contending that the court abused its discretion in ordering a view in this case.

Another complaint is that certain requested instructions were not given. Under the record in the case this objection is not available to the plaintiff. He has not preserved the instructions that were given by the court nor has he even stated the purport of them. Whether those requested or the substance of them were not given cannot be ascertained from the record. In this situation it is unnecessary to consider the correctness of those requested. (*Winston v. Burnell*, 44 Kan. 367, 24 Pac. 477.)

Some other objections are mentioned, but they are not deemed to be material.

The judgment is affirmed.