No. 27,923.

ELLIS-SWONGER MOTOR Co., *Appellant*, v. J. A. WATT, *Appellee*.

(264 Pac. 737.)

SYLLABUS BY THE COURT.

AGENCY—*Exclusive Territory for Sale of Motor Vehicles — Evidence.* In an action involving the character of an agency for the sale of motor vehicles wherein the defendant prevailed, it is held that there was competent and sufficient evidence to sustain a finding of the jury that there was an exclusive agency for a certain territory, and that finding is conclusive upon appeal.

Appeal from Anderson district court; HUGH MEANS, judge. Opinion filed March 10, 1928. Affirmed.

*J. W. Mertz*, of Garnett, for the appellant.
*J. Q. Wycoff*, of Garnett, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of replevin brought by the Ellis-Swonger Motor Company against J. A. Watt, to recover the possession of a Dodge automobile. Verdict and judgment were in favor of the defendant, and plaintiff appeals.

The plaintiff was a corporation engaged in the motor business in Iola, and its claim was that it had sold an automobile to defendant in September, 1925, and as part of the purchase price defendant had executed a title note for $658.75, under which the title to the automobile was to remain in plaintiff until the note was paid; that payment had not been made and therefore plaintiff was entitled to the possession of the car. Defendant responded by, admitting the execution of the note and that he had possession of the car, but alleged that when he received the car an agreement was entered into between the parties to the effect that he was appointed as agent of plaintiff and was authorized to sell Dodge cars and trucks in the city of Garnett. That he was given the exclusive agency for the sale of such vehicles in Garnett, with the privilege of selling cars in outside territory, and that he was to receive a commission of fifteen per cent of the list price of vehicles that were sold in Garnett, and a like commission on cars that he was instrumental in selling in outside territory. He further claimed that be-

Agency, 2 C. J. p. 956 n. 86.   Appeal and Error, 4 C. J. p. 858 n. 3.

tween September, 1925, and March, 1926, sales were made of motor vehicles in Garnett which at the list prices amounted to $8,320, and from which at the agreed commission there was due to him $1,248, and he asked judgment for the difference between the amount due on the note and the amount due to him on commissions earned, to wit, $575.

Plaintiff denied generally the averments of the answer and also filed a verified special denial that defendant had ever been appointed as the agent of plaintiff or had been given authority to represent plaintiff in the sale of motor vehicles in Garnett or elsewhere. Testimony was given by the defendant tending to show his agency, and that he was given the exclusive right to sell these vehicles in the city of Garnett, and that he was to get a commission on sales in Garnett, whether they were sold by him or another. That if he sold others by his own efforts outside of Garnett, he was to receive the same commission. Proof was offered of sales that were made which amounted to $8,320, on which he was entitled to the commissions.

The principal controverted question was the character of the agency or agreement between the parties and two questions were submitted by the court to the jury. First, "Did the plaintiff and the defendant enter into any agreement with reference to the sale of Dodge automobiles here in Garnett? You can answer that yes or no." The answer was, "Yes." The second question was, "If you answer the first question yes, then what was the agreement?" Answer, "Defendant to have exclusive agency for Garnett." The jury found that defendant was entitled to recover $208.32 and to the cancellation of the note.

The contentions of the plaintiff are that the testimony is insufficient to establish the exclusive agency found by the jury. While plaintiff alleged that there was no agreement of agency of any kind, it was admitted by the plaintiff that an arrangement was made with defendant which was to the effect that if he made sales of cars entirely through his own efforts, he should receive fifteen per cent commission of the list price of such cars, but specifically denied that there was any other arrangement or that any exclusive agency in Garnett was given him.

This is a fact case and like many others which have been brought up on appeal involves only the weight and force of the evidence, a question which has been settled by the jury and whose verdict has

Ellis-Swonger Motor Co. v. Watt.

received the approval of the court. The findings made rest upon disputed evidence, and an examination of the record discloses competent and substantial evidence produced by defendant in support of the verdict. In this situation we cannot usurp the function of the jury nor go farther than to examine and see that there is sufficient evidence to sustain the verdict. The conclusiveness of such a verdict has been so frequently declared that citations of authority are needless. On the controlling fact, as to the nature of the agency involved, we have not only the evidence of the defendant but of two other supporting witnesses tending to show exclusive agency, and the findings of the jury based ·thereon are conclusive upon appeal.

The complaint that the court in its instructions unduly stressed the claim of exclusive agency and the theory advanced by the defendant does not appear to be borne out by the record. The theory of the plaintiff was presented to the jury, and they were instructed that if they found in favor of the plaintiff a verdict should be returned accordingly, and they were advised of the nature and form of the verdict to be returned by them. It is suggested that the court must have apprehended that there was danger of the jury rendering an unfair verdict since he told them they were not to try the case as arbitrators and figure out what would be fair without regard to the evidence and the rules of law. He told the jury they were bound by the evidence and the rules of law laid down by the court, and that they should consider the case fairly and impartially and express the truth in their verdict. We see no reason to complain of the instructions, and finding no error in the record the judgment is affirmed.