No. 28,718.

PAUL McCONNELL et al., *Appellees*, v. ANTHONY RHONE et al., *Appellants.*[*]

(276 Pac. 830.)

Opinion filed May 4, 1929.

*Arthur Cranston,* of Parsons, for the appellants.

*L. E. Goodrich,* of Parsons, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The action, one in forcible detention of real property after lawful entry, was commenced before a justice of the peace. The complaint alleged that the real property had been sold by the plaintiffs to the defendants for a stipulated price payable in installments, which had not been paid; that the contract had been forfeited, and that notice to vacate the premises had been given. The action was tried before the justice of the peace, resulting in a judgment in favor of the plaintiffs, from which the defendants appealed to the district court. There they filed a lengthy answer in which they alleged:

"That there was a contract purporting to be a purchase of said realty by

[*] Opinion on rehearing filed July 6, 1929 (*post*, p. 447).

defendants from plaintiffs, and there was a deed signed by defendants purporting to convey absolutely said realty to plaintiffs, both of which did not express the true contract relations between plaintiffs and defendants, but if they did said contracts were never legally forfeited by the serving of a reasonable notice of opinion [option] to forfeit upon defendants.

"That a justice of the peace nor the district court upon appeal therefrom has no jurisdiction to forfeit contracts of sale for realty where the title is in dispute and the question of title is the determining matter to be tried in the case. . . . "

Evidence was introduced in the district court on the trial of that appeal. It then appeared to the court—

"That the title to the real estate in controversy or dispute is involved in the issues in the case at bar; that plaintiff claims title, ownership and right of possession under a contract and under a deed from defendants; that defendants claim title on the ground that the deed from defendants to plaintiff is in legal effect a mortgage; that said cause is here on appeal from the justice court, and by reason thereof said action should be stayed and certified for trial to the district court of Labette county, Kansas, sitting at Parsons, for trial in said district court, all as provided by law."

On that finding the court then ordered—

"That the above entitled cause be and the same is hereby stayed, and that said cause be and the same is hereby certified to the district court of Labette county, Kansas, sitting at Parsons, for trial in said court, all as provided by law."

A stipulation was then entered into between the parties by which it was agreed:

"That the testimony heretofore introduced upon the trial of said case before the Honorable W. D. Atkinson, on the 4th day of April, 1928, may be considered by said court and treated as the testimony of the respective parties at any future trial of said case as fully and completely as if same had been introduced by the witnesses themselves at such future trial, and said testimony shall be considered as reintroduced for all the purposes of the case."

The district court then found—

"That the above-named defendants and each of them were and are largely in default of the installment payments under the contract between plaintiff and defendants, which said contract is the basis of this action; that the above-named defendants are in default of the payment of taxes legally assessed against the premises described in the complaint filed herein . . . that there was and is no debt which the above-named defendants were and are bound to pay to plaintiff by the terms of said contract, and hence no relation proper of debtor and creditor between plaintiff and defendants; that there is no equitable mortgage existing and no relation of mortgagors and mortgagee as between plaintiff and defendants. . . . That because of said defaults on

the part of said defendants, the above-named plaintiff is entitled to restitution and possession of the real estate described in said complaint."

Judgment was rendered in favor of the plaintiffs, from which the defendants appeal.

■ It is argued that the district court did not have jurisdiction to try the action because it was commenced in a court that did not have authority to try the issues involved. This question involves an examination of section 61-107 of the Revised Statutes. That section reads as follows:

"If in any action commenced before a justice it appears to the satisfaction of the justice that the title or boundary of land is in dispute in such action, said action shall be stayed before said justice, and said justice shall within ten days thereafter certify said case and transmit all papers and process therein to the clerk of the district court of his county, and said case shall be docketed and thereafter proceeded with in the district court as if originally commenced therein. The justice before whom said action is commenced shall require of the defendant setting up said title or boundary, to set forth in his answer or bill of particulars a full and specific statement of the facts constituting his defense of said title or boundary brought in question; and the defendant shall be required to make affidavit of the truthfulness of the statements in his said answer or bill of particulars contained, and that said defense is *bona fide* and not made for vexation or delay, but for the promotion of justice."

It does not appear that the defendants made the affidavit required by the last part of that section or questioned the jurisdiction of the justice of the peace before the case was appealed to the district court. On the trial of the appeal in the district court, that court had the same jurisdiction and authority as the justice of the peace. (*Wagstaff v. Challis*, 31 Kan. 212, 1 Pac. 631; *Milling Co. v. Stevens*, 94 Kan. 745, 748, 147 Pac. 815; *Woodworth v. Maddox*, 115 Kan. 445, 449, 223 Pac. 275.) The justice of the peace, if the required affidavit had been made, should have certified the case to the district court, which would then have had jurisdiction to try the action. When it appeared on appeal that the title to the property was in dispute, the district court, sitting as a justice of the peace, had the power to certify the action to the district court sitting as such, and then determine the issues involved and render judgment accordingly. It follows that the district court had jurisdiction to try the action.

■ It is argued that the title of the plaintiffs was that of mortgagees, and judgment could not properly be rendered against the defendants except in an action to foreclose the mortgage. They would

then have had the right of redemption after sale. The judgment ordered the possession of the real property to be restored to the plaintiffs on or before ninety days thereafter, or that the defendants within that time pay to the clerk of the district court for the use and benefit of the plaintiffs the unpaid balance on the contract for the sale of the property. This involves an examination of the contract, the material parts of which read as follows:

"Articles of agreement, made this 13th day of January, A. D. 1923, Paul McConnell and Mae McConnell, husband and wife, parties of the first part, and Anthony Rhone and Virginia Rhone, parties of the second part, witnesseth: That the said parties of the first part hereby covenant and agree that if the parties of the second part shall make the payments and perform the covenants hereinafter mentioned in this instrument, the said parties of the first part will convey and assure to the parties of the second part, clear of all incumbrances whatsoever, by a good and sufficient special deed, and in and to the following lot, piece or parcel of ground, viz.: . . .

"It is hereby agreed by and between the parties hereto that the parties of the first part shall not be required to furnish an abstract of title to parties of the second part, and that parties of the second part shall keep the improvements on said property insured at their own expense in the sum of $575, same made payable to first parties, as their interest may appear.

"And the said parties of the second part hereby covenant and agree to pay to said parties of the first part the sum of five hundred seventy-five and 00/100 dollars, in the manner following:

"The sum of seventy-one and 88/100 ($71.88) dollars on July 13, 1923, and a like sum at the end of each six-month period thereafter until the full sum of five hundred seventy-five and 00/100 ($575) dollars has been paid, with interest at the rate of eight per cent per annum, payable semiannually on the whole sum remaining from time to time unpaid, and pay all taxes, assessments or impositions that may be legally levied or imposed upon said land subsequent to the year 1922.

"Parties of the first part hereby agree to place a copy of this contract and their special warranty deed conveying the within-described property to parties of the second part, in escrow, with the West Side Union State Bank of Parsons, Kan., and said bank is hereby authorized to deliver said deed to second parties at such time as they have made all the payments hereinabove provided for, said payments to be made direct to said bank.

"And in case of the failure of the said parties of the second part to make either of the payments, or perform any of the covenants on their part hereby made and entered into, this contract shall, at the option of the parties of the first part, be forfeited and determined, and the parties of the second part shall forfeit all payments made by them on this contract, and such payments shall be retained by said parties of the first part in full satisfaction and in liquidation of all damages by them sustained, and they shall have the right to reënter and take possession of the premises aforesaid."

The evidence disclosed that prior to the making of that contract the defendants owned the property in controversy; that the property was then vacant; that they desired to build a house on it; that the plaintiffs were engaged in the sale of lumber and building materials and in building houses for sale; that the defendants went to the plaintiffs to borrow money with which to build a house on the property; that the plaintiffs declined to loan any money to the defendants for that purpose; that it was then agreed that the defendants would deed the property to the plaintiffs, who would build a house on it and give to the defendants a written contract for the sale of it to them; that the defendants deeded the property to the plaintiffs, and that the contract, the material parts of which have been set out, was then signed by the plaintiffs and the defendants. There was also evidence which tended to prove that it was the intention of the parties that the transaction should be an absolute sale of the property by the defendants to the plaintiffs, but there was other evidence which tended to prove that the transaction constituted a mortgage to secure the payment of the amount of money it had cost the plaintiffs to build the house. The written instrument on its face does not purport to be a mortgage. It is a contract for the sale of the property by the plaintiffs to the defendants. The oral evidence was conflicting. Under those circumstances it was for the trial court to determine whether or not the contract under consideration constituted a sale of the property from the plaintiffs to the defendants or a mortgage of the property from the defendants to the plaintiffs. The court found that it was a sale and not a mortgage. That finding is conclusive. This proposition has often been decided. (*Bauman v. Hoffman,* 125 Kan. 62, 262 Pac. 545; *Cox v. Gibson,* 125 Kan. 76, 262 Pac. 1030; *Gartner v. Williams Oil & Gas Co.,* 125 Kan. 199, 263 Pac. 778; *Peoples State Bank v. Hill,* 125 Kan. 308, 310, 263 Pac. 1045; *Citizens State Bank v. Wiseman,* 125 Kan. 510, 265 Pac. 39; *Ellis-Swonger Motor Co. v. Watt,* 125 Kan. 530, 264 Pac. 737.)

The judgment is affirmed.