Hon. ROUSSEAU A. BURCH,
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,
Hon. W. W. HARVEY, } Justices.
Hon. RICHARD J. HOPKINS,
Hon. WM. EASTON HUTCHISON,

No. 28,718.

PAUL McCONNELL et al., *Appellees*, v. ANTHONY RHONE et al., *Appellants.*

(279 Pac. 4.)

*Arthur Cranston,* of Parsons, for the appellants.
*L. E. Goodrich,* of Parsons, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The action, one in forcible detention of real property after lawful entry, was commenced before a justice of the peace. An opinion was filed on May 4, 1929. (*McConnell v. Rhone,* ante p. 257, 276 Pac. 830.) A motion for a rehearing has been filed by the appellants, in which they say:

"The opinion seems to have been made on the theory that the question of jurisdiction was not presented until after reaching the district court, and that if the point had been raised in the justice court the opinion would have been different.

"The abstract did not show that the question was raised in the justice court, and showed by copy of the amended answer the raising of it in the district court."

The appellants attach to their motion for rehearing a copy of the answer which was filed by them before the justice of the peace. The former opinion was based on the facts shown by the abstracts presented to this court. Those abstracts did not show that any answer was filed before the justice of the peace. The facts alleged in that answer make it necessary to rewrite the entire opinion of this court. The former opinion with the syllabus thereto is set aside.

The complaint filed before the justice of the peace alleged that the real property had been sold by the plaintiffs to the defendants for a stipulated price, payable in installments, which were not paid; that the contract was forfeited according to its terms; that the defendants had lawfully entered upon the premises; and that they unlawfully detained the same from the plaintiffs. The complaint also alleged that notice to vacate the premises had been given. The answer filed by the defendants before the justice of the peace denied the allegations of the complaint and recited how the defendants had first acquired the property, and the transaction between the plaintiffs and the defendants by which the defendants conveyed to the plaintiffs the property in controversy and by which the plaintiffs agreed to erect a house thereon for a stipulated price, and agreed

to reconvey to the defendants upon payment of the cost of the house. The defendants also alleged that the deed and contract constituted a mortgage and asked that the action be dismissed for want of jurisdiction in the justice of the peace to try the matters in controversy, and further asked that the court render judgment in favor of the defendants for the sum of $250 and costs if it had jurisdiction to do so. The answer was verified.

The action was tried before the justice of the peace. That trial resulted in a judgment in favor of the plaintiffs, from which the defendants appealed to the district court. There they filed a lengthy amended answer, in which they alleged—

"That there was a contract purporting to be a purchase of said realty by defendants from plaintiffs and there was a deed signed by defendants purporting to convey absolutely said realty to plaintiffs, both of which did not express the true contract relations between plaintiffs and defendants, but if they did said contracts were never legally forfeited by the serving of a reasonable notice of opinion [option] to forfeit upon defendants.

"That a justice of the peace nor the district court upon appeal therefrom has no jurisdiction to forfeit contracts of sale for realty where the title is in dispute and the question of title is the determining matter to be tried in the case. . . ."

The concluding paragraph of the answer was as follows:

"Defendants further state that by reason of the above facts stated in paragraph third, the relation of mortgagor and mortgagee exists between plaintiffs and defendants, and that the deed is a mortgage, and that the justice of the peace nor the district court on appeal from the justice court do not have jurisdiction to try the cause, but that the action is to be tried only by a court having the power to foreclose mortgages and to exercise equity powers, and that the action should be dismissed with costs against plaintiffs and such further relief to defendants as the premises warrant in law and equity."

To that answer the plaintiffs filed a reply which denied the allegations of the amended answer.

Trial was begun in the district court on the appeal from the justice of the peace, and evidence was introduced. The judgment on that trial recites:

"That the title to the real estate in controversy or dispute is involved in the issues in the case at bar; that plaintiff claims title, ownership and right of possession under a contract and under a deed from defendants; that defendants claim title, on the ground that the deed from defendants to plaintiff is in legal effect a mortgage; that said cause is here on appeal from the justice court, and by reason thereof said action should be stayed and certified for trial to the district court of Labette county, Kansas, sitting at Parsons, for trial in said district court, all as provided by law."

On that finding the court then ordered—

"That the above-entitled cause be and the same is hereby stayed, and that said cause be and the same is hereby certified to the district court of Labette county, Kansas, sitting at Parsons, for trial in said court, all as provided by law."

A stipulation was then entered into between the parties by which it was agreed—

"That the testimony heretofore introduced upon the trial of said case before the Hon. W. D. Atkinson, on the 4th day of April, 1928, may be considered by said court and treated as the testimony of the respective parties at any future trial of said case as fully and completely as if same had been introduced by the witnesses themselves at such future trial, and said testimony shall be considered as reintroduced for all the purposes of the case; provided, however, that the respective parties hereby reserve the right to introduce such further testimony as may be or become material to the issues involved, and the right to further argue said case to the court."

The action was then tried by the district court after it had been certified as above set out. The defendants filed a demurrer to the evidence of the plaintiffs based on the fact that the court had no jurisdiction to try the action, but the record does not show that there was any ruling on that demurrer. After the demurrer was filed the defendants introduced additional evidence. Argument was then made, briefs were filed, and the case was taken under advisement. The court found—

"That the above-named defendants and each of them were and are largely in default of the installment payments under the contract between plaintiff and defendants, which said contract is the basis of this action; that the above-named defendants are in default of the payment of taxes legally assessed against the premises described in the complaint filed herein, . . . that there was and is no debt which the above-named defendants were and are bound to pay to plaintiff by the terms of said contract, and hence no relation proper of debtor and creditor between plaintiff and defendants; that there is no equitable mortgage existing and no relation of mortgagors and mortgagee as between plaintiff and defendants; . . . that because of said defaults on the part of said defendants the above-named plaintiff is entitled to restitution and possession of the real estate described in said complaint."

Afterward judgment was rendered in favor of the plaintiffs. That judgment provided that if "the unpaid balance on said contract be paid by said defendants to the clerk of this court within said period of ninety days, as herein provided, then said plaintiffs be and they are hereby directed to forthwith deposit with the said clerk of this court their special warranty deed conveying the above-described real

estate to the above-named defendants." From that judgment the defendants appeal.

■ It is argued that the district court did not have jurisdiction to try the action because it was commenced in a court that did not have authority to try the issues involved. We may concede the action was one that should have been commenced in the district court, where a proper judgment could have been rendered under the pleadings that were filed. The pleadings showed that the action was not strictly one in forcible detention. They contained all the allegations and presented all the issues necessary to enable the district court to have tried and determined the title to the property if the action had been commenced in that court. The defendants objected to the justice of the peace trying the cause on the ground that he did not have jurisdiction, but asked judgment for $250 if it should prove that the justice of the peace did have jurisdiction. The stipulation signed by the plaintiffs and the defendants after the cause had been certified to the district court was in effect a voluntary submission to the district court of all of the issues made by the pleadings and evidence introduced on the trial on the appeal, together with such further evidence as might be introduced on the trial in the district court. The defendants introduced further evidence. They could not object to the jurisdiction of the district court and at the same time voluntarily submit the cause to that court for judgment. If they had desired to preserve the question of jurisdiction they should not have submitted the cause to the district court for determination. The issues made by the pleadings showed the action to be one properly for the determination of the district court and of which it had jurisdiction, and in which it could render a proper judgment. For the purpose of argument it may be conceded that the action got into the district court irregularly, but after getting there the defendants by stipulation and the introduction of evidence submitted the cause to that court.

■ It is argued that the title of the plaintiffs was that of mortgagees, and that judgment could not properly be rendered against the defendants except in an action to foreclose the mortgage. They would then have had the right of redemption after sale. The judgment ordered the possession of the real property to be restored to the plaintiffs on or before ninety days thereafter or that the defendants within that time pay to the clerk of the district court for the use and benefit of the plaintiffs the unpaid balance on the con-

tract for the sale of the property. This involves an examination of the contract, the material parts of which read as follows:

"And the said parties of the second part hereby covenant and agree to pay to said parties of the first part the sum of five hundred seventy-five and 00/100 dollars, in the manner following:

"The sum of seventy-one and 88/100 ($71.88) dollars on July 13, 1923, and a like sum at the end of each six-month period thereafter until the full sum of five hundred seventy-five and 00/100 ($575) dollars has been paid, with interest at the rate of eight per cent per annum, payable semiannually, on the whole sum remaining from time to time unpaid, and pay all taxes, assessments or impositions that may be legally levied or imposed upon said land subsequent to the year 1922.

"Parties of the first part hereby agree to place a copy of this contract and their special warranty deed conveying the within-described property to parties of the second part, in escrow, with the West Side Union State Bank, of Parsons, Kansas, and said bank is hereby authorized to deliver said deed to second parties at such time as they have made all the payments hereinabove provided for, said payments to be made direct to said bank.

"And in case of the failure of the said parties of the second part to make either of the payments, or perform any of the covenants on their part hereby made and entered into, this contract shall, at the option of the parties of the first part, be forfeited and determined, and the parties of the second part shall forfeit all payments made by them on this contract, and such payments shall be retained by said parties of the first part in full satisfaction and in liquidation of all damages by them sustained, and they shall have the right to re-enter and take possession of the premises aforesaid."

The evidence disclosed that prior to the making of that contract the defendants owned the property in controversy; that the property was then vacant; that they desired to build a house on it; that the plaintiffs were engaged in the sale of lumber and building materials and in building houses for sale; that the defendants went to the plaintiffs to borrow money with which to build a house on the property; that the plaintiffs declined to loan any money to the defendants for that purpose; that it was then agreed that the defendants would deed the property to the plaintiffs, who would build a house on it and give to the defendants a written contract for the sale of it to them; that the defendants deeded the property to the plaintiffs; and that the contract, the material parts of which have been set out, was then signed by the plaintiffs and the defendants. There was also evidence which tended to prove that it was the intention of the parties that the transaction should be an absolute sale of the property by the defendants to the plaintiffs, but there was other evidence which tended to prove that the transaction consti-

tuted a mortgage to secure the payment of the amount of money it had cost the plaintiffs to build the house. The written instrument on its face does not purport to be a mortgage. It is a contract for the sale of the property by the plaintiffs to the defendants. The oral evidence was conflicting. Under those circumstances it was for the trial court to determine whether or not the contract constituted a sale of the property from the plaintiffs to the defendants or a mortgage of the property from the defendants to the plaintiffs. The court found that it was a sale and not a mortgage. That finding is conclusive. This proposition has often been decided. (*Bauman v. Hoffman,* 125 Kan. 62, 262 Pac. 545; *Cox v. Gibson,* 125 Kan. 76, 262 Pac. 1030; *Garner v. Williams Oil & Gas Co.,* 125 Kan. 199, 263 Pac. 778; *Peoples State Bank v. Hill,* 125 Kan. 308, 310, 263 Pac. 1045; *Citizens State Bank v. Wiseman,* 125 Kan. 510, 265 Pac. 39; and *Ellis-Swonger Motor Co. v. Watt,* 125 Kan. 530, 264 Pac. 737.)

The judgment is affirmed, and the motion for a rehearing is denied.