No. 37,684

BEN H. HALL and BELLE M. HALL, *Appellees*, v. TOM WARD and MRS. TOM WARD, *Appellants.*

(211 P. 2d 52)

Opinion filed November 12, 1949.

*H. E. Crosswhite,* of Holton, argued the cause and was on the briefs for the appellants.

*Warden L. Noe,* of Holton, argued the cause, and *Charles Rooney,* of Topeka, was with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action for forcible detainer. From an adverse judgment the defendants appealed to the district court, where their appeal was dismissed. They have appealed to this court from that ruling.

For information purposes it is noted that on August 20, 1947, one Mauersberger, guardian of Mary E. Schumacher, an insane person, commenced an action against Ben H. Hall and Belle M. Hall to set aside a deed dated May 16, 1947, made by the insane person to the Halls for the same real estate involved in the forcible detainer action under consideration, it being alleged the deed was procured by fraud. Tom Ward, alleged to be a tenant on the real estate, was made a party defendant. Just why this action, which would have determined many matters involved in this present appeal, has not been tried and determined is not before us.

The record as abstracted shows that on September 8, 1947, the Halls filed a complaint in the justice of the peace court, alleging they were the owners of the real estate involved; that by agreement with them Tom Ward and Mrs. Tom Ward entered into possession as tenants; that notices to terminate the tenancy and to quit the premises or action would be commenced were served upon the Wards and that the Wards continued to hold possession to which Halls were entitled. Halls prayed judgment for restitution. It is unnecessary to note motions filed in the action in the district court and in the justice court action. On March 27, 1948, the forcible detainer action was tried. The defendants Ward were in default and judgment was rendered against them. They duly appealed to the district court.

On June 8, 1948, the Wards sought and obtained an order of the district court consolidating the two actions for trial. On the same day they filed in the district court their answer in the forcible detainer action, containing a general denial, as well as a specific denial that at the time of the commencement of the action the Halls were the owners of "or were entitled to the possession of the premises described" and they then alleged at length that the title was in Schumacher and that they were her tenants.

On July 14, 1948, the Halls filed their motion that Wards' appeal from the justice of the peace court in the forcible detainer suit be dismissed for the asserted reason that the question of the title of the involved real estate had been raised on appeal and the district court was without jurisdiction to render judgment on the question of title, and that the district court was without jurisdiction of the subject matter upon appeal.

On January 25, 1949, the district court ruled on the motion to dismiss and held that the question of title not having been raised in the justice of the peace court could not be raised on appeal in the district court and that it was without jurisdiction to determine title. It dismissed the appeal and remanded the cause to the justice of the peace court "to be thereafter proceeded in as if no appeal had been taken." Whether necessary or not, a matter which will not be discussed, the Wards filed their motion for a rehearing. This motion was denied. In due time the Wards perfected their appeal to this court from all adverse rulings.

The appellants specify error in three particulars. One is that the district court erred in vacating a certain restraining order. At the oral presentation of this appeal they withdrew their contentions in that respect and we shall not discuss that part of their written brief devoted to that specification. The other specifications are that the district court erred in holding that it was without jurisdiction and in its ruling dismissing the appeal.

From the record above reviewed, it clearly appears that insofar as the trial in the justice of peace court is concerned, the defendants filed no pleading attempting to show title for any purpose, and hence there was no occasion there and at that time for the operation of G. S. 1935, 61-107, which provides that if in any action commenced before a justice it appears to the satisfaction of the justice that the title of land is in dispute in such action, the action shall be stayed and the justice shall certify the case to the district court for disposal, under the conditions set forth in that section. The above section has existed in its present state since 1870 and has been considered in many cases, a review of which would unduly extend this opinion, and for that matter, would not answer the principal question now presented as to whether the defendants in a forcible detainer case may wait until the action has reached the district court on appeal to raise the question of title of the involved real estate. In arguing that they may do so appel-

lants direct our attention to *Conaway v. Gore,* 27 Kan. 122; *McClain v. Jones,* 60 Kan. 639, 57 Pac. 500; and *Dineen v. Olson,* 73 Kan. 379, 85 Pac. 538, holding that a defendant may interpose any defense he may have, legal or equitable, to an action against him and that he is not driven from one court to another to assert such defense; to *Douglass v. Easter,* 32 Kan. 496, 4 Pac. 1034, where it was held that a defendant appealing from a judgment of a justice of the peace in an action for trespass on real estate, may offer evidence in the district court that the title is in dispute although no answer was filed by him before the justice nor any evidence offered; to *Lyman v. Stanton,* 39 Kan. 443, 18 Pac. 513, where it is held that where an action is commenced before a justice of the peace and the defendant answers showing title in dispute, and the action is held for trial by the justice, on appeal the district court has jurisdiction to try the case as though certified to that court by the justice; and to *McConnell v. Rhone,* 128 Kan. 257, 276 Pac. 830, where it was held that in a forcible detainer action prosecuted to judgment in the justice court without its jurisdiction being questioned on appeal to the district court that court has power, when it develops the title to real estate is in dispute, to certify the case to the district court proper and then try and determine the title to the property.

Although the above cases, insofar as they may appear to support a rule that on appeal to the district court title to real estate may be determined even though the question was not presented for consideration in the justice of the peace court, as distinguished from a showing of title only as an incident to the right of immediate possession, have not been overruled or expressly disapproved, it is noted that later cases have, either directly or by analogy, held that upon appeal from a justice of the peace court, the district court acquires only the limited jurisdiction of the justice of the peace and cannot, in a forcible detainer case, determine an ultimate question of title. See *McCracken v. Wright,* 159 Kan. 615, 157 P. 2d 814, and *Reeves v. McAdoo,* 165 Kan. 193, 193 P. 2d 233, and cases cited therein. We cannot sustain any contention that on the appeal in the instant case, the district court had any power to determine any ultimate question of title to the real estate involved.

Even though that be the case, the district court was not warranted in dismissing the appeal. While it is true the answer filed in the district court might be said to have presented an issue as to

the ultimate title to the real estate, an issue beyond the power of the court to determine on the appeal, the title asserted could be considered as an incident to the right of immediate possession (*McCracken v. Wright,* supra). Other allegations of the answer include a general denial and also a specific denial of the plaintiffs' right to immediate possession and that defendants were the tenants of the plaintiffs. It is not open to argument that on appeal taken from the judgment of a justice of the peace, the district court tries the case *de novo* (G. S. 1935, 61-1003 and cases cited in the annotations). In the district court, in view of the pleadings and issues, the plaintiffs had the burden of proving termination of the tenancy alleged by them, the requisite notice that the action would be brought, as well as their right to the immediate possession of the real estate, and that result could not be and was not accomplished by dismissal of the appeal.

The judgment of the district court dismissing the appeal is reversed and the cause remanded with instructions to reinstate it for further proceedings consistent herewith.