No. 42,784

Robey Gotheridge, *Appellant*, v. Verl Bethurum, *Appellee.*

(375 P. 2d 605)

Opinion filed November 3, 1962.

*Howard Hudson,* of Fort Scott, argued the cause, and *Douglas Hudson* and *Douglas G. Hudson,* of Fort Scott, were with him on the briefs for appellant.

*Roy L. Cole,* of Garnett, argued the cause, and *Orville J. Cole,* of Garnett, and *Owen S. Samuel,* of Emporia, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The plaintiff commenced this replevin action in the county court and alleged that he was the owner of a Black Angus bull to which he had the right of immediate possession and that the bull was wrongfully taken and wrongfully detained by the defendant. The defendant filed an answer consisting of a general denial and a cross petition in which he alleged the bull strayed upon his premises and was running at large in violation of G. S. 1949, 47-105. He sought, among other things, damages for feeding, watering and care of the stray bull for 23 days, and costs.

The plaintiff's answer to the cross petition consisted of a general denial and paragraph two alleged, "Said matters as set forth in said cross petition do not constitute a defense to plaintiff's bill of particulars."

Following a trial, the county court entered judgment that the plaintiff was the owner of the black bull and entitled to possession, awarded defendant judgment for $34.50 for the feeding and watering and care of the bull, and assessed the cost of the action in the sum of $119.08 against the plaintiff.

The plaintiff appealed to the district court and the defendant did not appeal. The plaintiff filed a bond for stay of proceedings on appeal and bound himself and his sureties unto the defendant in the penal sum of $310, upon the condition that he would prosecute the appeal without unnecessary delay and satisfy the judgment which may be rendered against him.

On May 5, 1961, plaintiff filed a motion for judgment on the pleadings and on the record upon the theory that he was awarded the possession of the bull by the county court's judgment; that he timely appealed from the judgment in favor of defendant for $34.50; that

since the defendant did not appeal from the judgment awarding possession to plaintiff, he was entitled to possession and to recover his cost, and that the judgment against plaintiff for $34.50 should be set aside and held for naught.

The motion was heard on May 15, 1961, and overruled, and the district court set the case for trial on June 1, 1961. Thereafter, defendant subpoenaed several witnesses to testify on his behalf.

On May 29, 1961, two days before trial, plaintiff claimed he had previously filed a demurrer in the county court to defendant's cross petition and desired to stand on the pleading. The pleading claimed to be a demurrer and so treated by the district court, was paragraph two of plaintiff's answer to defendant's cross petition quoted above. The alleged demurrer was overruled and the appeal is from that order and the order overruling the motion for judgment on pleadings and the record.

When the record discloses lack of jurisdiction, it is the duty of the supreme court to dismiss the appeal (*Polzin v. National Cooperative Refinery Ass'n*, 179 Kan. 670, 298 P. 2d 333). Judges of the county court shall have and exercise ordinary powers of jurisdiction of justices of the peace in both civil and criminal matters and have concurrent jurisdiction with the district court in all civil cases, in any sum not exceeding $1,000 exclusive of costs, and in actions of replevin, the affidavit in replevin fixing the value of the property shall govern the jurisdiction (G. S. 1949, 20-808). In the instant case plaintiff's affidavit alleged the value of the bull to be $250, hence, the procedure before a justice of the peace governs.

G. S. 1949, Ch. 61, prescribes the procedure in civil cases before a justice of the peace and Sec. 61-601 reads:

"In all cases before a justice, the plaintiff, his agent or attorney, shall file with such justice a bill of particulars of his demand, and the defendant, if required by the plaintiff, his agent or attorney, shall file a like bill of particulars he may claim as a setoff; and the evidence on the trial shall be confined to the items set forth in said bill."

It is observed the only pleadings proper for a plaintiff to file is a bill of particulars of his demand. The only other pleading necessary or proper to be filed is a bill of particulars by the defendant, if required by the plaintiff, his agent or attorney. No provision is made for demurrers or motions of a similar nature and they are not authorized. The civil procedure before a justice of the peace fixes its own rules relating to pleadings; the code of civil procedure has no application to justice courts, and the only function of a justice

of the peace is to have a trial on the issues and to enter judgment (G. S. 1949, 61-601; 61-814). Except in cases where no appeal is allowed (G. S. 1949, 61-1010), either party may appeal to the district court (G. S. 1949, 20-817) in the same manner and with like effect as cases tried and determined in a justice court (G. S. 1949, 61-1001) and "may there have a trial *de novo* on all issues or questions of fact and law." When an action is appealed to the district court, it has only such jurisdiction as the county court (*Thompson v. Stone,* 97 Kan. 237, 64 Pac. 969; *Hinds v. Fine,* 162 Kan. 328, 176 P. 2d 847), and takes the case merely as an appealed case and does not take any original jurisdiction (*Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.,* 141 Kan. 213, 40 P. 2d 337; *McCracken v. Wright,* 159 Kan. 615, 157 P. 2d 814; *Hall v. Ward,* 168 Kan. 141, 211 P. 2d 52).

When plaintiff appealed from the judgment of the county court the case stood for trial *de novo* in the district court on the same issues as were presented by the pleadings in the county court. The district court had no jurisdiction or authority to treat the plaintiff's answer to defendant's cross petition as a demurrer or to pass upon the same and his ruling thereon was a nullity and formed no basis for an appeal to this court. The same conclusion follows with respect to the order overruling the motion for judgment on the pleadings. The appeal is dismissed.