No. 35,986

CHARLES BELL, *Appellee*, v. LILLIE DENNIS, *Appellant*.

(144 P. 2d 938)

Opinion filed January 22, 1944.

*Arnold C. Todd,* of Wichita, was on the briefs for the appellant.
*Fred C. Helm,* of Wichita, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action for forcible detainer originally commenced in the city court of Wichita for the possession of a certain residence property located in that city and for one month's rent alleged to be due. The plaintiff recovered in the city court and on appeal in the district court, from which judgment the defendant appeals.

From July, 1936, until January 22, 1943, the date it was purchased by plaintiff, the defendant made her home in the property referred to under an oral agreement with the then owner as a tenant from month to month. On January 22 the plaintiff purchased such property under a contract for deed subject to the tenancy rights of defendant who continued to occupy the premises. Subsequently, there were some unsatisfactory negotiations about payment of rent and plaintiff, who claimed the rent due on February 11, 1943, had not been paid, served on defendant a notice terminating the tenancy and demanding surrender of the premises for nonpayment of rent, a statement thereof being included. Thereafter, defendant having failed to surrender possession within three days as provided for in such notice, this action for forcible detainer was instituted.

In district court a jury was waived and the cause was tried to the court on the pleadings and the evidence adduced by the respective parties. So far as the record discloses the only pleading available for consideration by the trial court was plaintiff's verified bill of particulars, which in substance alleged: Plaintiff was the owner of the property sued for which was occupied by defendant as his tenant and had served her with a notice to quit for nonpayment of rent due on February 11, 1943, a copy of which was attached to and made a part thereof; although more than three days had elapsed since service of such notice, defendant had failed to pay rent or deliver possession of the premises and now held unlawful possession thereof; at the time the notice to quit was served on defendant plaintiff mailed a copy of such notice to the O. P. A. (Office of Price Administration) at its local office in Wichita, Kan. As for the evidence, although there was some dispute in the testimony, it can be said it was sufficient to justify the trial court, which found in favor of plaintiff for restitution of the premises and the rent claimed to be due, in concluding the plaintiff had established the allegations of fact set forth in his bill of particulars. A motion for new trial and later a supplemental motion for new trial on the ground of newly discovered evidence were filed by defendant. Both motions were overruled and judgment was rendered in accordance with the trial court's findings. Defendant then perfected her appeal.

Before going directly to the legal questions determinative of the main issue raised on this appeal it might be helpful to refer briefly to general rules applicable to the institution and maintenance of cases of forcible entry and detainer as that term is commonly used in textbooks, law treatises and the decisions. Proceedings in forcible entry and detainer are based upon and by modern legislation have been evolved from the English forcible entry and detainer which was purely a criminal measure. Although originating from such source the action is no longer a criminal but a civil proceeding specifically regulated by statute and summary in its nature and character. Since its enactment our statute (G. S. 1935, art. 13, ch. 61) has been so recognized by this court in its earliest and in its most recent decisions. (See *Soden v. Roth*, 9 Kan. App. 826, 61 Pac. 500; *Hale v. Brown*, 119 Kan. 303, 239 Pac. 963, and *McHenry v. Hubbard*, 156 Kan. 415, 420, 134 P. 2d 1107.)

In late years actions predicated on "forcible entry" of real estate, are not as frequent as those based upon "forcible detainer" thereof

and rare indeed is a proceeding to which both of such terms apply. However, it can be said that irrespective of what source they spring from, or the factual elements involved, rules governing the institution and maintenance of "forcible-entry-and-detainer" cases generally, including questions of procedure, apply to all such actions with equal force and effect. The general rule is well stated in 36 C. J. S. 1171, § 31, as follows:

"Since, . . . , the action of forcible entry and detainer is ·a special statutory proceeding, summary in its nature,·and in derogation of the common law, it follows that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed 'by it, or the jurisdiction will fail to attach, and the proceeding will be *coram non judice* and void, unless the defects in procedure may be, and are, waived. There is no presumption in favor of the record. It must appear that the statutory remedy was strictly pursued and the facts which give jurisdiction must appear affirmatively on the face of the record, otherwise the proceedings will be not merely voidable, but absolutely void, as being. *coram non judice*."

To the same effect is 22 Am. Jur. 934, § 35.

With specific reference to our own state 'it must be conceded our decisions are in accord with the general rule announced in the preceding quotation. See *Stuller v. Sparks*, 51 Kan. 19, 31 Pac. 301, wherein it was held:

"A plaintiff cannot maintain an action of forcible entry and detainer, if the three-days notice to leave the premises, prescribed by § 161 of the justices act, is not given, and the plaintiff, to obtain judgment in such a case must affirmatively show the service of the notice."

Also, *Kellogg v. Lewis*, 28 Kan. 535, holding that:

"To maintain an action of forcible detainer, the plaintiff must have a perfect right of possession at the time the notice to quit is given." (Syl. ¶ 1.)

Another principle of law, peculiarly applicable to special statutory proceedings summary in character and nature, deals with the existence of conditions precedent to the institution or maintenance of such actions. This rule is that unless excused or waived conditions precedent to the maintenance of an action, whether arising from statute, agreement, or circumstances, must ordinarily be performed or complied with before the action may be instituted. (See 1 C. J. S. 1066, § 25, and 1 Am. Jur. 426, § 34.)

Under our statute, G. S. 1935, 61-1304, one of the conditions precedent to the institution and maintenance of a forcible detainer action is the service on the adverse party of a notice to quit, which notice must be served at least three days before the commencement

of such action, unless it is brought for the purpose of ejecting a tenant for the nonpayment of rent, in which event, no notice is required if a statement is included in the notice terminating the tenancy that unless the tenant shall vacate in the time provided therein suit will be brought to eject him. So in a case where a party seeks to terminate a tenancy for nonpayment of rent, the notice to quit—in the instant case a three-day notice in writing as required by G. S. 1935, 67-508—must be given, and service of such notice as required is a condition precedent to the institution of a forcible detainer action. Such was the effect of our decision in *Stuller v. Sparks,* supra.

Coming now to the situation in the case at bar, it would seem from an examination of the record that appellee so far as our own statute is concerned has alleged in his bill of particulars all facts required in order to enable him to institute and maintain his action, and under the evidence has established the existence of facts which would uphold a judgment giving him the possession of the property involved in the action. Therefore, assuming, but not determining the propriety of the trial court's ruling on other questions urged as error, if the appellant is to reverse the judgment rendered by the trial court, it must be on the theory there now exists and is in force and effect other legislation in addition to that enacted by our own legislature, which has superimposed conditions upon and is cumulative to the requirements of our own statute relating to the subject matter of an action in forcible detainer.

While it does not appear from the record that appellant specifically directed the trial court's attention to the matters to which we shall presently refer, her specification of errors is sufficiently comprehensive to cover the subject and the issue is one which must be given consideration on appellate review.

In her brief appellant points out that in January, 1942, the congress of the United States passed the Emergency Price Control Act of 1942 (Pub. L. 421, 77th Cong. 2d Sess., C. 26; 56 Stat. 23, 50 U. S. C. A. App. 901 *et seq.*) creating the Office of Price Administration under the direction of a price administrator (referred to in the act as the "Administrator") and authorizing such administrator to make rent regulations in critical defense areas and providing against practices which might result in rent increases therein. (See 50 U. S. C. A. App., § 902 [b], [c] and [d].) Also that under the act, by proper order, there were created certain defense areas, one of

which included the city of Wichita, Kan., and adjacent territory (7 Fed. Reg. 1684).

Subsequently, and pursuant to the provisions of the act referred to, the Office of Price Administration promulgated and issued maximum rent regulations applicable to the defense-rental areas created under the act. Without attempting to detail the substance of all such regulations, for they are many in number and some of them have no bearing on the issues involved herein, it can be stated generally that they purport to restrict the rights of landlords owning residence properties in defense areas and in particular require such landlords to give certain notices to the administrator through an official appointed by him and known as the area rent director at the local area rent office and obtain the consent of the administrator prior to the institution of actions for the possession of real estate under the provisions of our forcible entry and detainer statute or other existing laws of the state.

It is hardly necessary to state that many of such rules and regulations impose conditions and restrictions with respect to the procedure to be followed in obtaining the possession of rented residence premises not to be found in our state laws. As a result, in the recent past, many controversies have arisen between landlords and tenants, state and federal officials, and differences of opinion between the various courts having jurisdiction of such matters, as to the rights and remedies of a landlord and the procedure to be followed in obtaining possession of residence premises located in the divers critical defense areas and affected by the regulations promulgated by the Office of Price Administration. Whatever may have been said with respect to the legal questions involved in a determination of such controversies, the issues raised regarding them are no longer an open question in this state. In the case of *Ritchie v. Johnson*, post, p. 103, 144 P. 2d 925 (this day handed down by this court), it was held that the Emergency Price Control Act of 1942, as enacted by congress, is constitutional and valid as a war measure and that regulations of the administrator of the Office of Price Administration, relating to defense areas created under the act, with reference to notices pertaining to termination of tenancies, are conditions precedent and must be affirmatively pleaded as necessary elements of a cause of action in forcible entry and detainer proceedings and in other proceedings wherein a party seeks to obtain the possession of residence properties located within such areas. Also, where under

the provisions of our code of civil procedure, proof of the existence of such conditions precedent have not been waived or otherwise rendered unnecessary they must be established by evidence in the same manner as are other necessary elements of a cause of action in order to sustain a judgment for restitution of property in a forcible detainer action. We do not here attempt to discuss the fundamental principles of law enunciated in and forming the basis of our decision in *Ritchie v. Johnson,* supra. They are well stated by Mr. Justice Thiele in the opinion in that case and we refer those who are interested in a discussion of such principles and the reasoning which supports the rule announced therein to that opinion.

In support of her position and with specific reference to the defense-rental area of Wichita, Kan., appellant directs our attention to the fact the administrator of the Office of Price Administration has promulgated what is known as Maximum Rent Regulation No. 10, 7 Fed. Reg. 4069-4072, incl. (U. S. C. Congressional Service, 1942, No. 9, 1487), as amended by Supplementary Amendment No. 7 to Maximum Rent Regulations, 7. Fed. Reg. 8505 and 8506 (U. S. C. Congressional Service, 1942 No. 11, 2026), which in part reads as follows:

". . . . . (2) Removal or eviction of a tenant for occupancy by a purchaser who has acquired his rights in the housing accommodations on or after October 20, 1942, is inconsistent with the purposes of the Act and this Maximum Rent Regulation and would be likely to result in the circumvention or evasion thereof, unless (i) the payment or payments of principal made by the purchaser, excluding any payments made from funds borrowed for the purpose of making such principal payments, aggregate 33⅓ % or more of the purchase price, and (ii) a period of three months has elapsed after the issuance of a certificate by the Administrator as hereinafter provided. For the purposes of this paragraph (b) (2), the payments of principal may be made by the purchaser conditionally or in escrow to the end that they shall be returned to the purchaser in the event the administrator denies a petition for a certificate. If the administrator finds that the required payments of principal have been made, he shall, on petition of either the vendor or purchaser, issue a certificate authorizing the purchaser to pursue his remedies for removal or eviction of the tenant in accordance with the requirements of the local law at the expiration of three months after the date of issuance of such certificate. In no other case shall the administrator issue a certificate for occupancy by a purchaser who has acquired his rights in the housing accommodations on or after October 20, 1942, unless he finds that the vendor has or had a substantial necessity requiring the sale and that a reasonable sale or disposition of the accommodations could not be made without removal or eviction of the tenant, or unless he finds that other special hardship would result; under such circumstances

the payment by the purchaser of 33⅓ % of the purchase price shall not be a condition to the issuance of a certificate, and the certificate shall authorize the vendor or purchaser to pursue his remedies for removal or eviction of the tenant in accordance with the requirements of the local law."

Although not mentioned by appellant we call attention to the fact that Regulation No. 10 has also been amended by supplementary amendment 6 to Maximum Rent Regulations, 7 Fed. Reg. 8505 (U. S. C. Congressional Service, 1942, No. 11, 2026), it reads in part:

". . . (d) (1) Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the Area Rent Office within 24 hours after the notice is given to the tenant.

"No tenant shall be removed or evicted from housing accommodations, by court process or otherwise, unless, at least ten days prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the Area Rent Office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession.

"Where the ground for removal or eviction of a tenant is nonpayment of rent, every notice under this paragraph (d) (1) shall state the rent for the housing accommodations, the amount of rent due and the rental period or periods for which such rent is due. The provisions of this paragraph (d) (1) shall not apply where a certificate has been issued by the Administrator pursuant to the provisions of paragraph (b) of this section.

"(2) At the time of commencing any action to remove or evict a tenant, including an action based upon nonpayment of rent, the landlord shall give written notice thereof to the Area Rent Office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought."

The foregoing supplementary amendments to Maximum Rent Regulation No. 10 were in force and effect on March 11, 1943, the date on which the instant proceeding was commenced. In an action of forcible entry and detainer, the right to judgment depends on the facts as they existed at the time of the commencement of the action (22 Am. Jur. 942, § 46). At that time appellant's residence property, for possession of which his action was instituted, was covered by and subject to the restrictive provisions of such regulations. The ten-day notice required by supplementary amendment 6 was not referred to in the bill of particulars, nor does the record disclose any evidence to the effect it was given. Neither did appellee, who

had acquired the property subsequent to October 24, 1942, allege or prove compliance with the requirements of supplementary amendment 7. All such requirements were conditions precedent to the institution and successful maintenance of an action in forcible detainer. Having failed to prove compliance with them, appellee, under the rule announced in *Ritchie v. Johnson,* supra, was not entitled to judgment. (See, however, Part 1388—Rent Regulation for housing effective June 1, 1943, 8 Fed. Reg. 7322-7334, incl., [Sec. 6(b) (2) and (d) (1)], which make certain changes in the requirements above referred to so far as they affect the defense-rental area of Wichita.)

We have not here attempted to pass upon any question pertaining to the status quo of the bill of particulars since appellant did not file a motion to make it more definite and certain or demur to it on the ground it failed to state facts sufficient to constitute a cause of action. For all we know if that had been done appellee might have sought and obtained permission to amend it so as to show full compliance with the requirements of all statutes and regulations then in force and effect. Moreover, appellant raises no question as to the sufficiency of the bill of particulars on this appeal. All we hold is that since the record discloses appellee failed to prove the elements necessary to establish his cause of action the appellant's demurrer to the evidence should have been sustained.

The judgment is reversed and the cause remanded with instructions to render judgment for defendant.

HARVEY and SMITH, JJ., dissent for reasons stated in the dissenting opinion in *Ritchie v. Johnson,* this day decided.