No. 37,150

John L. Reeves, *Appellant*, v. Espanolia McAdoo, *Appellee*.

(193 P. 2d 233)

Opinion filed May 8, 1948.

*Dan Cowie*, of Topeka, argued the cause, and *B. J. Lempenau*, of Topeka, was with him on the briefs for the appellant.

*David Prager*, of Topeka, argued the cause, and *Edward Rooney* and *Jacob A. Dickinson*, both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted in the city court of Topeka to obtain possession of a residence building and to recover unpaid rent.

The complaint, in substance and insofar as now material, alleged: The defendant peacefully entered the dwelling house; she was indebted to plaintiff for rent in the sum of $120; notice to quit was served for nonpayment of rent; defendant refused to surrender possession and unlawfully detains it.

The prayer was for possession and for a money judgment in the sum of $120.

For her answer the defendant denied plaintiff's right to possession, that she was a tenant and indebted for rent and alleged she had been in possession of the premises since 1918 and was now the owner thereof.

She prayed that the action be certified to the district court and that procedings be had in accordance with the provisions of G. S. 1935, 61-107; that she be permitted to file pleadings in the district court praying for affirmative relief. The answer was verified in conformity with the requirements of G. S. 1935, 61-107.

Plaintiff made no objections in the city court to the certification of the action to the district court. In the district court defendant filed a verified answer and cross petition. The answer was substantially the same as that filed in the city court.

In the cross petition defendant, in substance, alleged: She inherited the property from her mother in 1937; on her mother's death plaintiff moved into the property with her and they have lived together as man and wife at all times except during the period plaintiff was in the military service from 1943 to July 3, 1946; when plaintiff returned from the service he again came to live with the defendant as her husband; at the time plaintiff first moved into the premises with the defendant there was a mortgage on the property; plaintiff told the defendant they would live together as man and wife and he would provide and pay for her living expenses; in 1939 she became ill and was confined for a period of approximately eight months; while she was incapacitated plaintiff fraudulently took advantage of her and procured her signature to certain writings without paying any consideration therefor; plaintiff fraudulently represented the writings were merely a matter of form but were necessary to enable the plaintiff to continue making payments on the mortgage; defendant believed and relied upon the false and fraudulent representations; plaintiff filed the instant action on June 3, 1947; it was then that defendant discovered the instrument she had signed in June, 1939, was a warranty deed to the plaintiff and

that it was filed for record; defendant did not know of the deed and therefore alleged she did not execute or acknowledge the same.

Defendant prayed the deed be declared void and that she be awarded such further relief as seemed just and equitable in the premises.

To the answer and cross petition plaintiff filed a lengthy verified reply in which he denied all allegations of defendant's ownership and right to possession, all allegations of cohabitation and that he took any advantage of the defendant in obtaining a deed to the property.

Plaintiff's reply, in substance, further alleged: Defendant obtained title to the property from her mother by inheritance and voluntarily conveyed it to him subject to an existing mortgage in the sum of $392.27; defendant was unable to pay the installments due on the mortgage and conveyed the property to the plaintiff in order that he might obtain an extension agreement and pay off the mortgage consisting of the principal and accumulated interest in the sum of $555.28; he later paid the mortgage and defendant did not contribute to the payment thereof; during defendant's illness she was unable to pay rent and plaintiff voluntarily relinquished claims for rent during that period; while plaintiff was in the service defendant paid the rent to the Neiswanger Investment Company in the sum of $10 per month and continued to do so until May 7, 1946, when she refused to continue the payments; plaintiff had made improvements on the premises valued at $1,200 and defendant had not contributed thereto nor paid anything towards repairs, maintenance or taxes.

With the issues thus joined the action came on for trial. After plaintiff's counsel had three exhibits identified by the court reporter he orally demurred for the first time to defendant's cross petition. The ground of the demurrer was that the district court was without jurisdiction to try and determine any matter contained in the cross petition. Neither the demurrer nor the record otherwise discloses the theory on which it was claimed the court lacked jurisdiction. It was overruled. The action was fully tried to the court without a jury on all issues joined by the pleadings. Counsel for the respective parties requested the court to make findings of fact and conclusions of law. Counsel for both parties filed briefs covering the issues. Counsel for both parties made requested findings of fact and conclusions of law. The court took the decision under

advisement and in due time made its own findings of fact and conclusions of law and rendered judgment in favor of the defendant. The precise nature of the judgment will be stated later. Counsel for plaintiff moved to have the judgment set aside and to have judgment rendered in his favor. All portions of the foregoing motions involved the merits of the action. When plaintiff's motion for judgment was overruled he moved for a new trial. After these various adverse rulings to plaintiff's motions it appears additional counsel was engaged by plaintiff, who later argued the case in this court. A motion was filed in the district court to remand the case to the court of Topeka on the ground the latter court lacked authority and jurisdiction to certify the case to the district court and that the district court had no authority or jurisdiction to accept the certification and that all acts of the latter court were null and void. The motion was overruled. Plaintiff has appealed from the judgment and all adverse orders and rulings.

G. S. 1935, 61-107, the statute pursuant to which the instant action was certified to the district court, reads:

"*If in any action* commenced before a justice it appears to the satisfaction of the justice that the title or boundary of land is in dispute in such action, said action shall be stayed before said justice, and said justice shall within ten days thereafter certify said case and transmit all papers and process therein to the clerk of the district court of his county, and said case shall be docketed and thereafter proceeded with *in the district court as if originally commenced therein.* The justice before whom said action is commenced shall require of the defendant setting up said title or boundary, to set forth in his answer or bill of particulars a full and specific statement of the facts constituting his defense of said title or boundary brought in question; and the defendant shall be required to make affidavit of the truthfulness of the statements in his said answer or bill of particulars contained, and that said defense is bona fide and not made for vexation or delay, but for the promotion of justice." (Our emphasis.)

Appellant contends this certification statute does not apply to forcible entry and detainer cases. He insists such cases involve special summary proceedings to determine only the right to possession of real estate and are not actions.

The question is did the legislature intend to make the statute applicable to forcible entry and detainer cases in which it appeared to the satisfaction of the justice of the peace that not only the question of right to possession but the question of title or boundary of land was in dispute. It will be observed the statute says "If in *any action.* . . ." (Our emphasis.) G. S. 1935, 61-102 provides that

"justices of the peace shall have original jurisdiction in *civil actions* . . . and . . .

*"Second.* To try *the action* for the forcible entry and detention, or detention only, of real property." (Our emphasis.)

G. S. 1935, 61-108 states the *actions* of which justices shall not have cognizance. One of them is *"actions* in which the title to real estate is sought to be recovered, or may be drawn in question." (Our emphasis.)

G. S. 1935, 61-1303, which pertains expressly to forcible entry and detainer cases, also employs the word "action." G. S. 1935, 61-1309 refers to such a proceeding as an *action* when brought for possession and for nonpayment of rent. G. S. 1935, 61-1011 provides for the giving of bond "In appeals taken by the defendant *in actions* for the forcible entry and detention or forcible and unlawful detention of real property. . . ." (Our emphasis.)

It is true it has been said that an "action of forcible entry and detainer is a special statutory proceeding, summary in its nature . . ." and that ". . . the statute conferring jurisdiction must be strictly pursued in the method or procedure prescribed by it, or the jurisdiction will fail to attach. . . ." *(Bell v. Dennis,* 158 Kan. 35, 37, 144 P. 2d 938.) Such a proceeding, however, is ordinarily referred to as an action in both statutes and decisions. See cases cited in the Bell case, p. 37. Many other similar cases might be cited. So in *Hale v. Brown,* 119 Kan. 303, 239 Pac. 963, it was said:

"He first argues that forcible entry and detainer is an action criminal in its nature, where a verdict of guilty or not guilty has to be returned, and he calls attention to the statute pertaining thereto (R. S. 61-1310), and argues that no right of appeal is provided for on plaintiff's behalf. The proceeding, while peculiarly statutory and summary in its nature, is and for several centuries has been a civil action,: although in ancient times it was otherwise." (p. 304.)

While forcible entry and detainer cases do in a sense constitute special proceedings we think in view of the entire statute and statutes in *pari materia,* we would not be giving effect to the intended purpose of the statute by holding it was intended to exclude forcible entry and detainer actions. In fact, in our opinion it is clear the statute indicates it was intended to embrace such actions.

Appellant insists that when in such cases it appears in the justice court that title or boundary of land are involved the action must be

dismissed, citing *Bramwell v. Trower,* 92 Kan. 144, 139 Pac. 1018. Dismissed by what court? In order to avoid confusion of thought it is highly important to observe first that there was *an appeal* to the district court by the defendant in the Bramwell case and that it was held to be the duty of the district court to dismiss the appeal. The next important point to observe is the reason for holding the district court should dismiss the appeal. The reason was that a justice of the peace had original jurisdiction in forcible entry and detainer cases only for one purpose, namely, to determine the right of possession. The district court, on *an appeal* in such a case, hears the case as a justice of the peace and, therefore, has no greater jurisdiction than the justice of the peace had. It follows that when the question of title was raised *on appeal* in the district court that court could not pass on the question of title. Therefore, it was held the appeal should be dismissed by the district court and the parties left to litigate the question of title in some more suitable form of action. The justice of the peace has no jurisdiction to try a question of title (G. S. 1935, 61-107; 61-108) but it can determine the simple issue and only the issue of right to possession. (G. S. 1935, 61-1301, 61-1302.)

In *McCracken v. Wright,* 159 Kan. 615, 157 P. 2d 814, we held:

"Upon appeal from a justice of the peace court a district court acquires only the limited jurisdiction of the justice of the peace and cannot, in forcible entry and detainer cases, determine an ultimate question of title to real estate. In such cases title can be considered only as an incident to the right of immediate possession." (Syl. ¶ 1.)

Considerable confusion has arisen relative to the duty of justices of the peace to dismiss forcible entry and detainer actions when it appears title or the boundary of land are involved. Prior to 1870 it was the duty of a justice of the peace, upon such disclosure, to dismiss the action. (Laws 1868, ch. 81, § 7.) That law was repealed by the laws of 1870, ch. 88, § 2, and the instant statute, G. S. 1935, 61-107, was enacted which provides for certification of *any action* to the district court when title or boundary of land are shown to be in dispute.

The question then arises what was the purpose and intent of enacting the last mentioned statute? Careful consideration of the question causes us to conclude the lawmakers intended to accomplish a definite purpose thereby. They apparently realized that

where only the right to possession of real estate was involved the · law already provided a speedy procedure for the determination of that question in the justice court. No continuance could then, or can now, be granted for a longer period than eight days unless a designated bond is filed by the defendant. (G. S. 1935, 61-1308.) The law provides for the right to take exception to the opinion of the justice of the peace upon questions of law involving the right of possession. (G. S. 1935, 61-1312.) The lawmakers also knew that the law already provided for a speedy appeal by a defendant in cases involving only the right to possession. (G. S. 1935, 61-1010, 61-1011.) The bond required was for double the value of the use and occupation of the property and for all damages and costs that might be awarded against him. Therefore, the lawmakers knew a complete summary procedure existed in the justice courts and for appeals to the district court in cases involving the single issue of possession.

But what speedy remedy existed in forcible entry and detainer cases in justice courts where it became apparent that the title or boundary of land was involved? As already indicated the justice of the peace could not determine those questions and the district court could not *on appeal* determine those issues over which the justice of the peace had no jurisdiction. Instead of the old law which required a justice of the peace to dismiss such an action the lawmakers provided for the certification of such an action together with the complete records to the clerk of the district court. It further directed such actions should be docketed and proceeded with in the district court "as if originally commenced there."

In order to prevent a defendant from raising a false issue of title or boundary to land and thereby delaying prompt action in a summary proceeding in the justice court designed to determine only the issue of possession the legislature inserted some definite requirements. The statute requires a complete disclosure by the defendant of the facts on which the defense of title or boundary to land is asserted. In addition thereto the statute requires verification of the truthfulness of such statements and of the fact that such "defense is bona fide and not made for vexation or delay, but for the promotion of justice." It may be that even these precautionary measures may not prevent abuse of the statute. If, however, they should not produce the desired results it is a matter of legislative and not of judicial concern.

In conformity with the views herein expressed this court in *Stevens v. McDowell,* 151 Kan. 316, 98 P. 2d 410, held:

"When in the course of proceedings in forcible detainer in a city court for the summary recovery of the possession of real property it clearly appears that the title to the property is in dispute, the proceedings should be stayed in that court and the cause should be certified to the district court for adjudication." (Syl. ¶ 1.)

Appellant frankly admits the decision in the Stevens case but asserts that decision is contrary to our previous decisions in *Armour v. Howe,* 62 Kan. 587, 64 Pac. 42; *Packing Co. v. Howe,* 68 Kan. 663, 75 Pac. 1014, and to our approval of the first Howe- case in *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.,* 141 Kan. 213, 40 P. 2d 337. The last mentioned case did not involve forcible entry and detainer. The interpretation of the instant statute was not before us in that case. An appeal was taken from the judgment of the district court in which that court had no jurisdiction by reason of the filing of a defective appeal bond. Appellant, however, is correct in stating that in the Howe cases it was held the certification statute was not applicable to actions of forcible entry and detainer and that the district court could obtain jurisdiction thereof only by an appeal from the judgment of the justice or city court. On that particular point we think the decisions in the Howe cases and in any others to the same effect are unsound and they are overruled.

Appellant next urges if G. S. 1935, 61-107 is applicable to forcible entry and detainer cases the statute does not change the nature of the case in the district court but changes only the forum. He insists the case should have been tried in the district court only as a possessory action. We cannot agree. The answer in the court of Topeka clearly set up the defense of title. The statute says when it appears to the satisfaction of the justice that title or boundary of land is in dispute the action shall be stayed before the justice and shall be certified to the clerk of the district court. It further provides the action "shall be docketed and thereafter proceeded with in the district court as if originally commenced therein."

It could not well be argued the district court did not have jurisdiction of the parties. They all filed pleadings which joined issues on all questions involved. There can be no doubt the district court would have had general jurisdiction of the entire subject matter involved and to render whatever relief was proper under the issues

had the action been commenced originally in that court. We have no hesitancy in concluding the district court had jurisdiction and power to render such judgment as the facts under law and equity required.

Moreover, parties are not ordinarily permitted to voluntarily submit all issues embraced by pleadings they have filed, try those issues and then object to the determination thereof when the decision turns out to be adverse to their contentions. (*McConnell v. Rhone,* 128 Kan. 446, 450, 279 Pac. 4.)

The court found appellant obtained the deed from appellee by means of misrepresentations they were husband and wife. The parties are colored people. The appellant is a minister. The court also found appellant advised appellee that ". . . in the eyes of God they were already married," although no formal vows or marriage ceremony had occurred. There was ample testimony to support the findings of false and fraudulent representations. Appellant contends the first mentioned finding of the court was outside the issues and argues the cross petition alleged the deed was executed while and by reason of appellee's illness and incapacity. The contention is too technical. The cross petition alleged appellee relied upon all the false and fraudulent representations. The testimony supported the allegation.

We do not find that the judgment is being challenged on the ground any of its terms or provisions are illegal or inequitable in character. We need, therefore, not treat that subject. It may, however, be said if that subject were before us we probably would be obliged to affirm its provisions.

The judgment is affirmed.