No. 37,400

FRED L. HARRIS, *Appellee*, v. CHARLES E. CHRISTY and MINNIE V. CHRISTY, *Appellants*.

(201 P. 2d 1067)

Opinion filed January 22, 1949.

*Henry E. Martz,* of Wichita, argued the cause, and *Fred W. Aley,* of Wichita, was with him on the briefs for the appellants.

*Roy L. Rogers,* of Wichita, argued the cause, and *Joe T. Rogers,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is a forcible entry and detainer action. The plaintiff prevailed and the defendants have appealed.

The principal question presented is one of jurisdiction. The action was brought in the city court of Wichita where the trial resulted in favor of the plaintiff. The defendants appealed. It appears they thereafter discovered a summons had been issued in the case in violation of G. S. 1935, 61-1305, which forbids the issuance thereof prior to the filing of a *verified* complaint. They filed a demurrer in the district court pursuant to G. S. 1935, 60-705, challenging the jurisdiction on the ground the complaint (erroneously called a bill of particulars) disclosed upon its face the court had no jurisdiction of the defendants or the subject matter of the action. Before trial they also filed a motion to dismiss the action on the same grounds for the reason no verified complaint had been filed prior to the issuance of summons as required by law. On February 20, 1948, the district court overruled both the demurrer and motion and permitted the plaintiff to verify the complaint. The action was tried and judgment was rendered for plaintiff. On February 25, 1948, defendants filed a motion for a new trial and on March 5, 1948, filed a motion to dismiss the action on the grounds the city court acquired no jurisdiction; the appeal did not confer jurisdiction on

the district court since the latter acquired only the jurisdiction of the city court and that defendants did not know the complaint was unverified and did not voluntarily submit to the exercise of jurisdiction by the city court. On March 19, 1948, the court overruled both the post trial motions. On April 30, 1948, defendants appealed to this court from orders of the district court made on February 20 and March 19, 1948, wherein the court refused to sustain the defendants' motion to dismiss and all other orders and judgments adverse to the defendants.

We are first met with appellee's contention the appeal to this court is not in time for the reason it was taken more than sixty days from the decision on February 20, 1948. This is an appeal after final judgment and appellee's contention is not well taken. Under present provisions of our code a party, after final judgment against him, may have an all-inclusive review of orders complained of irrespective of the fact that some of such rulings against him were made more than two months before he perfected his appeal. (G. S. 1947 Supp. 60-3314a; *Bozich v. Metropolitan Life Ins. Co.*, 155 Kan. 573, 580, 127 P. 2d 499; *Robbins v. Kansas City*, 160 Kan. 425, 427, 163 P. 2d 630.)

Did the city court acquire jurisdiction of the action? It must, of course, be conceded that if the city court lacked jurisdiction of the subject matter the mere fact an appeal was perfected to the district court could not operate to vest the latter court with that jurisdiction. The district court takes an appeal from a justice of the peace, or city court, merely as an appealed case and does not thereby acquire original jurisdiction. (*Wagstaff v. Challiss*, 31 Kan. 212, 216, 1 Pac. 631; *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.*, 141 Kan. 213, 40 P. 2d 337.) In forcible entry and detainer cases the district court on appeal from the judgment of a justice of the peace, or city court, hears the case as a justice of the peace and acquires only the limited jurisdiction of the court from which the appeal is taken. (*Reeves v. McAdoo*, 165 Kan. 193, 193 P. 2d 233.) So it has been said the district court hears the case as a glorified justice of the peace.

The exact factual situation obtaining in this case appears not to have been involved in any of our previous cases. The precise legal question is within a narrow compass. In order to avoid confusion with decisions in other cases, illogical reasoning and conclusions, we think it imperative to state at the outset that we are concerned

presently with the peculiar character of actions of forcible detainer or forcible entry and detainer and only with statutes governing actions of that particular character. This appeal, therefore, does not involve the effect of a failure to verify pleadings, or of amendments to verifications, in various cases of a different character after jurisdiction has attached. Cases of the latter character are not controlling here and should not be confused with the principle here involved.

Appellee, in effect, argues a justice of the peace has general jurisdiction of the subject matter in a case of this character irrespective of whether its jurisdiction has been legally invoked. The contention is too broad. A justice of the peace court is not a court of general jurisdiction. It has only such jurisdiction and powers as are conferred upon it by statute. It is bound by statutory restrictions and limitations.

G. S. 1935, 61-102, provides that, "Under the limitations and restrictions herein provided . . .," justices of the peace shall have original jurisdiction to try actions of this character.

G. S. 1935, 61-1301 provides:

"Any justice within his proper county shall have power to inquire, *in the manner hereinafter directed,* as well against those who make unlawful and forcible entry into lands and tenements and detain the same, as against those who having a lawful and peaceable entry into lands or tenements unlawfully and by force hold the same. . . ." (Our italics.)

Touching the manner provided for invoking jurisdiction G. S. 1935, 61-1305, reads:

"*The summons shall not issue herein until* the plaintiff shall have filed his complaint in writing *under oath* with a justice of the peace. . . ." (Our italics.)

An action of this kind is a special statutory proceeding, summary in its nature, and in derogation of the common law. It therefore follows that a statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it or jurisdiction will fail to attach and the proceeding will be not merely voidable, but void. (26 C. J. 843, and note No. 54 citing decisions in support of the above statement from numerous jurisdictions; 36 C. J. S., Forcible Entry and Detainer, § 31, p. 1171, and cases cited under note No. 57.)

In 22 Am. Jur., Forcible Entry and Detainer, § 35, p. 934, the rule of universal application as to both justice of the peace and appellate courts is stated thus:

"Since the action of forcible entry and detainer is a special statutory proceeding, summary in its nature, and in derogation of the common law, it is a rule of universal application in such actions that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be *coram non judice* and void. Even if the action is tried in a court of record, the latter does not proceed therein by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is, therefore, to be treated as a court of special and limited jurisdiction."

Our own decisions are in harmony with these general principles. We repeatedly have held that since an action of this character is in derogation of the common law and summary in character the requirements of statutes conferring jurisdiction must be strictly pursued or jurisdiction will fail to attach. (*Bell v. Dennis,* 158 Kan. 35, 37, 144 P. 2d 938; *Reeves v. McAdoo,* supra, p. 197; *Gunter v. Eiznhamer,* 165 Kan. 510, 196 P. 2d 177, and cases therein cited.) There is no presumption in favor of the record. The facts necessary to vest the court with jurisdiction must affirmatively appear on the face of the record. (*Bell v. Dennis,* supra, p. 37.) Here the contrary appeared. The record disclosed a verified complaint, the filing of which was a condition precedent to the issuance of a summons, had not been filed. It follows process could not issue and the action, in contemplation of law, was not commenced.

Illustrative of the cases cited in support of the statement of law from Corpus Juris, Corpus Juris Secundum and American Jurisprudence, to which reference has been made previously, is *Purcell v. Merrick,* 172 Mo. App. 412, 158 S. W. 478. It was there held:

"The law applicable to actions for forcible entry and detainer constitutes a special and preclusive code and unless its mandatory requirements be rigidly complied with in the justice court, neither the circuit court, to which the cause is removed by certiorari nor the appellate court on appeal acquires jurisdiction of the subject-matter.

"The provision of R. S. 1909, sec. 7660, that the complaint be 'in writing signed by the party aggrieved, his agent or attorney and sworn to,' are jurisdictional and if the plaintiff fails to comply with any of them, jurisdiction of the subject-matter will not attach and the proceeding will be *coram non judice.*" (Syl. ¶¶ 2, 3.)

We shall not labor the point with extensive quotations from the numerous cases.

Appellee directs attention to the previous citation from Corpus Juris Secundum to the effect that the general rule applies "unless the defects in procedure may be, and are, waived." One case is cited in support of the quoted provision. We do not regard that case as

controlling. While a defendant may waive lack of jurisdiction over his person by entering a general appearance, it does not follow the court thereby also acquires jurisdiction of the subject matter. Under our decisions and the universal rule, jurisdiction over the subject matter does not attach in the absence of strict compliance with statutory requirements in special proceedings of this character.

It may be appropriate to emphasize we are not dealing here with amendments to correct mere defects or informalities of a nonjurisdictional nature but with an express statutory requirement which constitutes a condition precedent to the commencement of the action and attachment of jurisdiction. It follows we need not discuss cases cited which fall in the first classification just mentioned. Nor do we desire to follow a few isolated decisions which may tend to support a conclusion contrary to views herein stated.

The judgment is reversed.