Ray BECKMAN, Appellant,

v.

Hurlbut GRAVES, Edward Danills, and Stanser Amack, A.S.C. Review Committee, United States Department of Agriculture, Appellees.

No. 8500.

United States Court of Appeals
Tenth Circuit.

May 11, 1966.

Ray Beckman, pro se.

James C. Gaither, Sp. Asst., Civil Div., U. S. Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Newell A. George, U. S. Atty., David L. Rose and J. F. Bishop, Washington, D. C., on the brief), for appellees.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of Kansas dismissing appellant's complaint for lack of jurisdiction.

The case arises pursuant to a determination made under the Agricultural Adjustment Act of 1938 by the Sheridan County, Kansas, Agriculture Stabilization and Conservation Service Committee that appellant had exceeded his wheat marketing quota. On August 28, 1963 appellant received notice from the Committee that he was being penalized for producing 2113 excess bushels of wheat. He prosecuted an administrative appeal to the Marketing Quota Review Committee which affirmed the county committee's penalty assessment. Appellant then filed an action for judicial review in the Sheridan County Court whereupon the Review Committee (appellee-defendant) removed the case to federal district court. The federal court held that the case was properly removed from the county court and then dismissed the action "because the proceedings were not instituted by appellant * * * in a court of the State of Kansas having general jurisdiction. * * *"

Appellant contends that the case cannot be removed from the Sheridan County Court to the federal district court, that it should now be remanded to the county court, and that the county court has jurisdiction over the matter. We hold the trial court properly allowed the removal of this action. Section 1365 of the act (7 U.S.C. 1365) vests concurrent jurisdiction in the state and federal courts and where original

jurisdiction exists in the federal courts removal is allowed by 28 U.S.C. 1441(a) unless specifically prohibited by act of Congress. See Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. Although the statute gives the farmer (appellant) a choice of forum, it does not guarantee that his choice shall remain undisturbed. And since the Agricultural Adjustment Act does not expressly prohibit removal as it could have done, Davis v. Joyner, D.C., 240 F.Supp. 689, this court will not do it by implication or by ignoring the meaning of section 1441.

Appellant's claim that the county court has jurisdiction to review the administrative action is premised upon a unique interpretation of section 1365 of the act. The section states in pertinent part:

"If the farmer is dissatisfied with the determination of the review committee, he may, within fifteen days after a notice of such determination * * * file a bill in equity * * in the United States District Court, or institute proceedings for review in any court of record of the State having general jurisdiction, sitting in the county or the district in which his farm is located. * * *"

Appellant alleges that the statutory clause stating that appellant can institute proceedings for judicial review in "any court of record of the State having general jurisdiction * * *" means that appellant can bring the action in any court of record provided the state has general jurisdiction. However, the trial court correctly interpreted the legislative intent when it held that the statute required appellant to bring his action for judicial review in a state court of general jurisdiction (Kansas district court) and that it properly dismissed appellant's complaint for lack of jurisdiction because the action was brought in the county court, a court of limited jurisdiction. See Laws of Kansas 1963 at 358; Harris v. Christy, 166 Kan. 395, 201 P.2d 1067.

In removal cases the federal court has only such jurisdiction as was possessed by the state court from which the action was removed. Lambert Run Coal Co. v. Baltimore & Ohio R.R., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671; Koppers Co. v. Continental Cas. Co., 8 Cir., 337 F.2d 499. This policy applies notwithstanding the fact that the federal court would have had jurisdiction of this action if appellant had initially filed his plea in the federal district court. State of Minnesota v. United States, 305 U.S. 382, 388–389, 59 S.Ct. 292, 83 L.Ed. 235. Since Congress has not granted appellant permission to seek judicial review of the marketing quota determination in the Kansas county court, the federal court is similarly without jurisdiction on removal.

Affirmed.