NOT DESIGNATED FOR PUBLICATION

No. 120,185

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRANDY WEIDE,
*Appellee*,

v.

JIM LAVIS and LORI KNAPP,
*Appellants*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DANIEL W. VOKINS, judge. Opinion filed August 23, 2019. Vacated and remanded with directions.

*Aaron C. Jackson*, of Polsinelli PC, of Kansas City, Missouri, for appellants.

*Rick Davis*, of Rick Davis Legal, P.C., of Olathe, for appellee.

Before SCHROEDER, P.J., GREEN and POWELL, JJ.

POWELL, J.:  The Kansas Code of Civil Procedure for Limited Actions, K.S.A. 61-2801 et seq. (Chapter 61), provides for speedy resolution of limited types of disputes by, among other things, limiting discovery and imposing shorter litigation time frames. However, when a Chapter 61 defendant asserts a counterclaim outside of the purview of Chapter 61, K.S.A. 61-2911(b) specifies that "the case *shall* be referred by the chief judge for assignment and hearing" under K.S.A. 60-101 et seq., the Code of Civil Procedure (Chapter 60). (Emphasis added.)

1

In the case before us, Brandy Weide brought an eviction action under Chapter 61 against James Lavis and Lorie Knapp. In their answer, Lavis and Knapp asserted a number of counterclaims that fell outside the purview of Chapter 61. After a hearing, the assigned district magistrate judge ruled in favor of Weide on her eviction claim, evicted Lavis and Knapp from the residence, and then transferred the defendants' counterclaims to Chapter 60.

Lavis and Knapp now appeal, arguing the magistrate judge improperly bifurcated the proceedings and should have transferred the entire case to the chief judge for reassignment and consideration under Chapter 60 pursuant to K.S.A. 61-2911(b). For reasons we more fully explain below, we agree with Lavis and Knapp that the district court erred in failing to refer the entire case to the chief judge for assignment and hearing pursuant to Chapter 60. Accordingly, we vacate the district court's eviction order and remand the case to the chief judge for further proceedings under Chapter 60 consistent with K.S.A. 61-2911(b).

FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute amongst family members and a house located in Mission, Kansas. Lavis and his wife, Knapp, resided in the house at the center of this dispute. Weide is Lavis' daughter. Lavis' mother, who was also Weide's grandmother, owned the property in dispute.

Prior to her death the grandmother executed a transfer on death deed for the property naming Weide as the sole beneficiary. Lavis does not dispute that this transfer on death deed was executed and recorded prior to the grandmother's death. Lavis also does not dispute that the grandmother was the sole owner of the property at the time of her death. Lavis asserts that the grandmother died in either 1999 or 2000; Lavis lived in the property after her death and was aware Weide legally owned the property.

2

On September 5, 2018, Weide filed an eviction petition against Lavis and Knapp in the Johnson County District Court seeking to evict them from the residence. On October 11, 2018, Lavis and Knapp filed an answer which included affirmative defenses to the eviction petition and the following counterclaims against Weide: (1) reformation/rescission of the deed; (2) adverse possession; (3) breach of fiduciary duty/express trust; and (4) unjust enrichment/constructive trust.

On October 12, 2018, a hearing was held on Weide's eviction petition before District Magistrate Judge Vokins, who is an attorney. At the hearing, Lavis and Knapp's counsel argued that the entire case should be transferred from Chapter 61 to Chapter 60 pursuant to K.S.A. 61-2911(b) due to the counterclaims exceeding the scope of Chapter 61. Judge Vokins replied that in landlord-tenant cases he was the "gate keeper" because he had to determine if there was a basis for an ownership claim, and transfer to Chapter 60 pursuant to K.S.A. 61-2911(b) was not automatic just because a question of ownership was raised. Lavis and Knapp made various arguments relating to the eviction at the hearing, and the magistrate judge also heard arguments relating to Lavis and Knapp's counterclaims. However, no evidence was heard.

At the conclusion of the hearing, and apparently only relying upon the arguments of counsel, Judge Vokins granted the eviction claim. In so doing, he held that the grandmother owned the property and properly executed a transfer on death deed naming Weide as the beneficiary, that Lavis and Knapp were properly provided a 30-day notice to vacate, and that Weide was entitled to possession of the property. The district court then bifurcated the case by transferring the counterclaims to Chapter 60. On October 22, 2018, Judge Vokins entered a journal entry to this effect. Then on October 26, 2018, Judge Vokins entered an order transferring the counterclaims to Chapter 60 pursuant to K.S.A. 61-2911(b), stating that Lavis and Knapp's "counterclaims exceed the scope of matters to be heard by a Chapter 61 court."

3

Lavis and Knapp timely appeal the order of eviction and transfer of the counterclaims.

DID K.S.A. 61-2911(b) REQUIRE THE ENTIRE CASE TO BE REFERRED TO THE CHIEF JUDGE FOR REASSIGNMENT AND HEARING PURSUANT TO CHAPTER 60?

On appeal, Lavis and Knapp argue the district court should have transferred the entire case to Chapter 60 rather than resolving the eviction claim under Chapter 61 and then transferring the counterclaims to Chapter 60. They argue that K.S.A. 61-2911(b) makes such a transfer of the entire case mandatory. Weide counters that, as a procedural statute, transfer of the entire case from Chapter 61 to Chapter 60 is discretionary. As resolution of this issue involves the interpretation of K.S.A. 61-2911(b), which is a question of law, our review is unlimited. See *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

K.S.A. 61-2911(b) states:

"If a defendant asserts a counterclaim or cross-claim beyond the scope of the code of civil procedure for limited actions, the case shall be referred by the chief judge for assignment and hearing pursuant to chapter 60 of the Kansas Statutes Annotated, and amendments thereto, assessing the increased docket fee to the defendant."

Research has found no cases, published or unpublished, interpreting this statute. The most fundamental rule of statutory construction is "the intent of the legislature governs if that intent can be ascertained." *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016).

"'[We] must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. . . . Where there is no ambiguity, [we] need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous [do we] use canons of construction or legislative history . . . to

construe the legislature's intent. [Citation omitted.]'" *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

At contention in this case is the use of the word "shall." Prior Kansas Supreme Court decisions "have interpreted the legislature's use of the word 'shall' in some contexts as mandatory and in other contexts as merely directory. Its meaning is not plain, and construction is required." *State v. Raschke*, 289 Kan. 911, 914-15, 219 P.3d 481 (2009). "[T]here is no absolute test to determine whether a 'shall' in a statute makes the provision mandatory or directory." 289 Kan. at 920. Nevertheless, the Kansas Supreme Court set forth four factors that

> "are among those to be considered in determining whether the legislature's use of 'shall' makes a particular provision mandatory or directory: (1) legislative context and history; (2) substantive effect on a party's rights versus merely form or procedural effect; (3) the existence or nonexistence of consequences for noncompliance; and (4) the subject matter of the statutory provision." 289 Kan. at 921.

This test notwithstanding, "[e]ach case must stand largely on its own facts, to be determined on an interpretation of the particular language used." *Brown v. Wichita State University*, 217 Kan. 279, 289, 540 P.2d 66 (1975), *vacated in part on other grounds by Brown v. Wichita State University*, 219 Kan. 2, 547 P.2d 1015 (1976); see also *Marais des Cygnes Valley Teachers' Ass'n v. U.S.D. No. 456*, 264 Kan. 247, 250-52, 954 P.2d 1096 (1998) (reconciling K.S.A. 72-9003 with balance of 72-9001 et seq., Evaluation of Certificated Personnel Act).

A.     *Legislative Context and History*

"Legislative context and history can be crucial to the distinction between a mandatory 'shall' and a directory 'shall.'" *Raschke,* 289 Kan. at 915. Lacking an explicit statement from the Legislature, "it is best to assume that the Legislature knew what it

meant when it used the unambiguous, mandatory word 'shall' in the bill." *In re Petition to Summon Grand Jury*, 56 Kan. App. 2d 39, 50, 423 P.3d 1044, *rev. denied* 308 Kan. 1594 (2018); see also *Walker v. Brizendine*, No. 114,776, 2016 WL 5012505, at *2 (Kan. App. 2016) (unpublished opinion) ("[W]e have not been directed to any legislative history or testimony addressing this specific provision. We thus proceed from the apparently unambiguous use of the word shall as requiring the district court to take a specific course of action.").

In our case, there appears to be little explicit legislative history regarding K.S.A. 61-2911, nor do the parties point us to any; however, there are older versions of the statute available which contain more permissive language suggesting that the current version of K.S.A. 61-2911 is mandatory. Territorial laws aside, it appears the statute was originally codified in K.S.A. 61-904 (Corrick 1963). That version of the statute was titled "Claims exceeding jurisdiction of justice; remission of excess; effect" and read:

> "When the amount due to either party exceeds the sum for which the justice is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue. A defendant need not remit such excess, and may withhold setting the same off; and a recovery for the amount set off and allowed, or any part thereof, shall not be a bar to his subsequent action for the amount withheld."

In 1976 the statute was recodified and amended as K.S.A. 61-1720 (Weeks). It was titled "Claims beyond the scope of actions authorized by 61-1603," and the pertinent portion read:

> "*(b) By defendant*. A defendant who asserts a counterclaim or cross claim beyond the scope of the court's jurisdiction shall either: (1) Make no demand for judgment and reserve the right to pursue his or her claim in a court of competent jurisdiction; (2) make demand for judgment of that amount within the jurisdiction of the magistrate court and reserve the right to bring an action in a court of competent jurisdiction for any amount in

6

excess thereof; or (3) make demand for judgment of that amount within the jurisdiction of the magistrate court and forgive any excess."

This version of the statute puts the obligation on the defendant to determine which path he or she would prefer to take with a Chapter 61 action.

The statute was again amended in 1994 and remained titled "Claims beyond the scope of actions authorized by 61-1603." K.S.A. 61-1720 (Furse 1994) read, in pertinent part:

"(b) *By defendant*. If a defendant asserts a counterclaim or cross-claim beyond the scope of chapter 61, the case shall be referred to the administrative judge for assignment and hearing pursuant to chapter 60, assessing the increased docket fee to the defendant."

This amendment eliminates the option for the defendant to choose which path to take for litigating any counterclaims, and instead appears to require the court to take action.

The statute yet again was amended in 1999. It retained the same section title and read:

"If a defendant asserts a counterclaim or cross-claim beyond the scope of chapter 61 of the Kansas Statutes Annotated, the case shall be referred to the chief judge for assignment and hearing pursuant to chapter 60 of the Kansas Statutes Annotated, assessing the increased docket fee to the defendant." K.S.A. 1999 Supp. 61-1720(b).

The current version of the statute was codified in 2000 under a new section—K.S.A. 61-2911. The title of the section is "Claims beyond the scope of actions authorized by 61-2802," and part (b) reads:

7

"If a defendant asserts a counterclaim or cross-claim beyond the scope of the code of civil procedure for limited actions, the case shall be referred by the chief judge for assignment and hearing pursuant to chapter 60 of the Kansas Statutes Annotated, and amendments thereto, assessing the increased docket fee to the defendant."

Our reading of the changes in this statute over the years demonstrates a clear legislative intent to eliminate any discretion on the part of a defendant to choose how to litigate any counterclaims and to instead create a straightforward procedure requiring the chief judge to reassign the case for hearing pursuant to Chapter 60 when a Chapter 61 defendant asserts a counterclaim outside the purview of Chapter 61. In one case, our Supreme Court held that a statutory provision stating that the governing body of a city "'shall issue a license'" was mandatory because the Legislature had eliminated more permissive language from previous versions of the statute. See *Curless v. Board of County Commissioners,* 197 Kan. 580, 584-85, 588, 419 P.2d 876 (1966). The same is true here. When viewing the evolution of this statute, it appears the Legislature's use of the word "shall" is mandatory because the choice of proceeding partially under Chapter 60 and partially under Chapter 61 was removed from the statute.

Additionally, when considering K.S.A. 61-2911(b) in conjunction with other provisions contained in Chapter 61, this too points us to the mandatory nature of the use of "shall" in this context. It is a well-established rule of statutory construction that "when examining statutes to determine legislative intent, we must consider various provisions of an act in pari materia with a view toward reconciling and bringing them into harmony if possible." *Raschke*, 289 Kan. at 914.

The relevant part of K.S.A. 61-2910 that allows for the permissive transfer of any Chapter 61 case to Chapter 60 states: "Upon motion of any party and for good cause shown, the court *may* order that an action filed under [Chapter 61] . . . shall thereafter be governed by the provisions of chapter 60." (Emphasis added.) Clearly the Legislature

8

knew how to grant the court discretionary power when it wanted to and chose instead to use the mandatory word "shall" in K.S.A. 61-2911(b) instead of the permissive "may" like it did in K.S.A. 61-2910.

Weide points us to K.S.A. 61-3802, in support of her argument that use of the word "shall" in K.S.A. 61-2911(b) is merely directory. She argues that K.S.A. 61-3802, which abrogates the compulsory counterclaim rule and does not foreclose other claims not brought in a Chapter 61 eviction action from being pursued in a different case, authorizes the district court to bifurcate the claims as the court did here. See generally *United States Fidelity & Guaranty Co. v. Maish*, 21 Kan. App. 2d 885, 889, 908 P.2d 1329 (1995) (compulsory counterclaim rule requires a party to assert all claims it has against the other party arising out of the same transaction or occurrence). We are unpersuaded by this argument. While the statute does not mandate that all related claims be brought in a Chapter 61 eviction action, it does not bar them either. It also does not allow for the bifurcation of claims. Moreover, as Lavis and Knapp correctly argue, bifurcation in this case creates the risk of inconsistent judgments because another court hearing the defendants' adverse possession counterclaim could rule that they own the property, thus creating improper inconsistent judgments. See *McDonnell v. The Music Stand, Inc.*, 20 Kan. App. 2d 287, 290, 886 P.2d 895 (1994) (inconsistent trial court judgments cannot stand), *rev. denied* 256 Kan. 995 (1995). Thus, the legislative context and history of K.S.A. 61-2911(b) support a finding that "shall" is mandatory.

B.      *Effect on Party's Rights*

The second factor addresses whether the statute at issue has a substantive effect on a party's rights or whether it deals with form or procedural effect. *Raschke*, 289 Kan. at 921. In general, "mandatory provisions deal with substance and directory provisions with form." 289 Kan. at 916. In elaboration:

> "[I]t is a general rule that where strict compliance with the provision is essential to the preservation of the rights of parties affected and to the validity of the proceeding, the provision is mandatory, but where the provision fixes a mode of proceeding and a time within which an official act is to be done, and is intended to secure order, system and dispatch of the public business, the provision is directory." *City of Hutchinson v. Ryan*, 154 Kan. 751, Syl. ¶ 1, 121 P.2d 179 (1942).

"'Shall' provisions affecting a party's rights are more likely to be seen as mandatory." *Raschke*, 289 Kan. at 920. Statutes with procedural form or effect may be considered mandatory if "accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated." *Shriver v. Board of County Commissioners*, 189 Kan. 548, 556, 370 P.2d 124 (1962). Although the provision at issue is ultimately part of a procedural statute, under the facts of this case, we see injury to the defendants by the district court declining to transfer the entire case to Chapter 60 here.

Admittedly, there are two competing rights at stake. On Weide's side, she is trying to evict unwanted persons from her property and has a right to bring an expeditious action under Chapter 61. See K.S.A. 61-3801 et seq. (evictions). On the other side, Lavis and Knapp have asserted a claim of adverse possession, among other counterclaims. See K.S.A. 60-503 ("No action may be maintained against any person for the recovery of real property who has been in open, exclusive and continuous possession of such real property, either under a claim knowingly adverse or under a belief of ownership, for a period of fifteen [15] years."). However, for Weide to be successful in her eviction action, she must establish a superior right to possess the property to the exclusion of the defendants. See *Bell v. Dennis*, 158 Kan. 35, 37, 144 P.2d 938 (1944) (plaintiff must have right of possession at time notice is given).

Viewing just the claim for adverse possession and making no judgment on its merits, if the claim has validity, then Lavis and Knapp are the rightful owners of the

property. Evicting them from property that is rightfully theirs violates their property rights. Moreover, evicting the defendants at the beginning of the proceedings only to have them be awarded ownership of the home at some point later in subsequent proceedings is nonsensical. Because Weide's right to evict is dependent on her having a superior interest in the property over the defendants, and because the defendants' counterclaim goes to the heart of that interest as they claim ownership through adverse possession, straightforward compliance with K.S.A. 61-2911(b) and transferring the case to Chapter 60 would have provided a more efficient resolution of both parties' asserted competing rights.

Additionally, generally speaking, the statutory language in Chapter 61 gives plaintiffs only permissive, not mandatory, rights to its more expeditious procedures. See K.S.A. 61-2802(a) (Limited Actions Code *may* be used to govern procedure). In contrast, a Chapter 61 defendant has the absolute right to have the case proceed under Chapter 60 if counterclaims are asserted which fall outside the purview of Chapter 61. In fact, the mandatory nature of K.S.A. 61-2911(b) is apparent when comparing it with the more permissive language contained in K.S.A. 61-2910. That statute states that the court "may" transfer any Chapter 61 proceeding to Chapter 60 upon motion and good cause shown. If the Legislature intended the provisions of K.S.A. 61-2911(b) to be discretionary, it would have used the word "may" instead of "shall." Finally, we observe again that nowhere in Chapter 61 does it provide for the bifurcation of claims.

We acknowledge that not all counterclaims impact a plaintiff's right to seek an eviction. For example, we can imagine a situation where a tenant complains that his or her apartment is inhabitable due to mold that is allegedly making the tenant sick. The tenant refuses to pay rent because of his or her claim of inhabitability but also refuses to leave the property. The landlord files an eviction proceeding to oust the tenant and, in response, the tenant raises a counterclaim to recover medical bills incurred for the alleged mold over the cap recoverable in small claims court. The counterclaim is not tied to a

11

claim of ownership in the property yet its mere assertion would serve to delay the landlord's ability to obtain possession over the property. A bifurcation of the competing claims, as was done in the present case, would allow both parties to vindicate their rights. The eviction could proceed in Chapter 61 and then the claim against the landlord could proceed in Chapter 60 without sacrificing the rights of either party.

But in the scenario described above, it is the Legislature that chose to eliminate the option to bifurcate claims with its enactment of K.S.A. 61-2911. This is confirmed when comparing its language to the language used in earlier versions of the statute. Moreover, plaintiffs in Chapter 61 eviction actions forced to proceed under Chapter 60 have other remedies to obtain swift possession of their property such as through the use of temporary injunctive relief and partial summary judgment. In the present case, the defendants were completely denied their day in court and their ability to present evidence in support of their ownership claim due to the tight timeframe and inability to obtain discovery. The impact on the defendants' rights supports a mandatory construction for the use of "shall" in K.S.A. 61-2911(b).

C.    *Existence of Consequences for Noncompliance*

The third factor to be considered is the existence or absence of consequences for noncompliance with the statute. *Raschke*, 289 Kan. at 921. A statute is likely mandatory if it contains "a provision for a penalty or other consequence of noncompliance." *Paul v. City of Manhattan*, 212 Kan. 381, Syl. ¶ 2, 511 P.2d 244 (1973). "The distinction between mandatory and directory provisions of a statute lies in consequence of nonobservance. An act done in disobedience of a mandatory provision is void. While a directory provision should be obeyed, an act done in disobedience of it may still be valid." *Hooper v. McNaughton*, 113 Kan. 405, 407, 214 P. 613 (1923).

Here, while no penalty provision exits, the adverse consequences of the district court's failure to transfer the case to Chapter 60 are obvious. The district court summarily proceeded to rule in favor of Weide's eviction claim without properly considering the defendants' ownership by adverse possession claim. Assuming the defendants' adverse possession claim has merit, the district court's action evicted them from their own property. This raises due process concerns and in our view makes the district court's judgment error, if not void.

D.  *Subject Matter of the Statutory Provision*

The final *Raschke* factor assesses "the subject matter of the statutory provision" for which the court has "an established pattern in our mandatory/directory precedents." 289 Kan. at 921-22. The *Raschke* court provides examples such as election statutes or notice on charges for driving under the influence, areas in which the court has an established precedent for the category of statute. 289 Kan. at 921. The statute at issue here does not fall into one of the patterns of cases decided by the Kansas Supreme Court as either mandatory or directory and, therefore, this factor is neutral.

In conclusion, we hold that the word "shall" contained in K.S.A. 61-2911(b) is mandatory. Therefore, the district court erred when it bifurcated the proceedings, granted Weide judgment on her eviction claim, and then transferred the defendants' counterclaims to Chapter 60. Instead, the district court was required to refer the entire case to the chief judge for reassignment and hearing pursuant to Chapter 60.

Parenthetically, we must emphasize that our holding is limited by two important caveats on issues not raised by either party below or before us. First, there is some ambiguity as to whether evictions under Chapter 61 even allow defendants to assert counterclaims. See K.S.A. 61-3806. Second, we are unsure whether the defendants' counterclaims, particularly their adverse possession claim, are properly characterized as

13

counterclaims as opposed to mere affirmative defenses. See *Ski Roundtop, Inc. v. Wagerman*, 79 Md. App. 357, 370, 556 A.2d 1144 (1989) (adverse possession claim improperly styled in form of affirmative defense). Contra *Sutton v. Gardner*, 387 S.W.3d 185, 190 (2011) ("Adverse possession is a type of affirmative defense that must be specifically pled."). Accordingly, we assume without deciding that the defendants' claims are properly asserted as counterclaims and that such counterclaims have been properly asserted by them in response to Weide's eviction action. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not briefed deemed waived or abandoned); *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011) (issues not raised before district court cannot be raised on appeal).

The district court's judgment is vacated, and the case is remanded to the chief judge for further proceedings consistent with K.S.A. 61-2911(b).

Vacated and remanded.